**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4681

HUBERT RAMSEY, a/k/a J. R. Ramsey,
a/k/a J. R.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-95-5-V)

Submitted: June 9, 1998

Decided: July 24, 1998

Before MURNAGHAN, WILKINS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Gordon Widenhouse,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Mark T. Calloway, United States Attorney, H. Thomas
Church, Assistant United States Attorney, Charlotte, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hubert Ramsey was found guilty by a jury of conspiracy to possess with intent to distribute cocaine and cocaine base. Ramsey timely appeals raising three issues: (1) the district court abused its discretion by denying his motion for a continuance; (2) the district court abused its discretion by admitting certain evidence; and (3) the district court clearly erred by finding that Ramsey held a managerial/supervisory role in the conspiracy under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1 (1995). For the reasons that follow, we affirm.

Regarding the first issue, Ramsey was indicted by a grand jury for conspiracy to possess with intent to distribute cocaine and cocaine base on February 16, 1996. The indictment alleged the offense occurred between April 1995 and February 1996. On May 8, 1996, the grand jury returned a superseding indictment identifying the same persons but altering the names of the co-defendants. On August 12, 1996, the grand jury returned a second superseding indictment that identified the conspiracy as taking place from April 1995 to March 7, 1996. On August 21, 1996, the day of the trial, the district court denied Ramsey's motion to continue the trial. Ramsey's attorney made the motion on the grounds that the second superseding indict-ment, filed nine days prior to trial, had unfairly extended the endpoint for the alleged conspiracy from February 1996 to March 7, 1996, and therefore she was not prepared to defend Ramsey for the additional time period.

We do not find that the district court abused its broad discretion by denying the motion to continue. See United States v. Bakker, 925 F.2d 728, 735 (4th Cir. 1991). In response to the trial judge's questioning, Ramsey's counsel admitted that the extension of the time period, as alleged in the second superseding indictment, merely incorporated the facts surrounding Ramsey's arrest and did not surprise counsel with

2

any new or additional evidence for which she was not already prepared.* Under these circumstances we deny Ramsey relief on this issue. See United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990) ("In order to prove an abridgment of the sixth amendment right to effective assistance of counsel based on an allegedly wrongful denial of a continuance, a defendant must first demonstrate that the district court `abused its discretion' in denying the motion.") (quoting Morris v. Slappy, 461 U.S. 1, 11-12 (1983)). Abuse of discretion has been defined in such circumstances as "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay." Id.

Next, Ramsey alleges that the district court erred in admitting into evidence letters authored by him and sent to co-defendant Tiffany Sands, while both were held in pretrial detention. Ramsey argues that the probative value of the letters was far outweighed by the danger of unfair prejudice in violation of Fed. R. Evid. 403.

We review the district court's evidentiary rulings for an abuse of discretion. See Old Chief v. United States, 519 U.S. 172, , 117 S. Ct. 644, 647 (1997). Although relevant, evidence may nevertheless be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; see also Old Chief, 519 U.S. at ___, 117 S. Ct. at 650 (noting that the "term `unfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged"). In the context of Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Old Chief, 519 U.S. at ___, 117 S. Ct. at 650.

The portions of the letters read to the jury reveal that Ramsey and Sands together did conspire to distribute cocaine. Further, the letters detailed Ramsey's plan to falsely accuse another co-defendant of framing them and to pin all criminal conduct on that co-defendant-- in the hope of concealing their own criminal activity. This evidence, although cumulative in part, cast light on Ramsey's guilt based upon his attempts to cover-up his criminal activity. Ramsey has failed to

_____

*See Joint Appendix ("J.A.") at 59-61.

3

show that the letters lured the jury "into declaring guilt on a ground different from proof specific to the offense charged." Id. As a result, we hold that the district court acted within its discretion in admitting the challenged letters.

Finally, Ramsey argues that he should not have received an enhancement for being an organizer or leader in the conspiracy under USSG § 3B1.1(c). The determination that a defendant is an organizer or leader in an offense essentially is a factual question reviewable for clear error. See United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992). Although the finding must be articulated and supported by evidence, see id., the court need only address relevant factors. See United States v. Harris, 39 F.3d 1262, 1270-71 (4th Cir. 1994). An enhancement under § 3B1.1 is appropriate if the defendant was "the organizer or leader, manager, or supervisor of one or more other participants." USSG § 3B1.1, comment. (n.3). Enhancements for a defendant's leadership role in a conspiracy have been applied in recruitment and control situations, such as where the defendant recruited another individual to accompany him on a drug purchasing trip or exercised control over co-conspirators in the distribution of drugs. See United States v. Kincaid, 964 F.2d 325, 329 (4th Cir. 1992); United States v. Smith, 914 F.2d 565, 569-70 (4th Cir. 1990).

Sands testified that Ramsey first recruited her into transporting drugs and that he had the overseas source for the cocaine which she would smuggle into the United States. Further, Ramsey decided when and how much cocaine was brought into North Carolina. Sands' testimony was corroborated by Isaiah Mercer who testified that he would set up cocaine purchase amounts and times with Ramsey and then Sands would deliver the cocaine to him in North Carolina. After hearing argument from Ramsey and the Government, the court found a preponderance of the evidence supported the calculations as presented in the presentence report and specifically adopted the factual findings contained in the presentence report. See United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991) (holding that the required findings under Fed. R. Crim. P. 32(c)(3)(D) may be made by the district court's separate recitation of its finding as to each controverted matter or by the court's express adoption of the recommended findings contained in the presentence report). Accordingly, we do not find the dis-

4

trict court clearly erred in finding that Ramsey supervised Sands under USSG § 3B1.1(c). <u>See Harriott</u>, 976 F.2d at 202.

Thus, we affirm Ramsey's conviction and sentence. We dispense with oral argument as the factual and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5