**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William F. KINCAID, Jr.,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**William F. KINCAID, Jr.,**
**Defendant–Appellee.**

Nos. 91–5377, 91–5383.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1991.

Decided May 7, 1992.

Louis T. Savino, Jr., Savino & Griffin, Philadelphia, Pa., argued, for defendant-appellant.

Andrew G.W. Norman, Asst. U.S. Atty., Baltimore, Md., argued (Richard D. Bennett, U.S. Atty., on brief), for plaintiffs-appellees.

Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.

## OPINION

WILKINS, Circuit Judge:

This is the second appeal by William F. Kincaid, Jr. and the Government stemming from Kincaid's convictions and sentences for conspiracy to distribute and to possess with the intent to distribute cocaine, 21 U.S.C.A. §§ 841(a)(1), 846 (West 1981 & Supp.1992), possession and attempt to possess with the intent to distribute cocaine, *id.*, and use of a firearm during the commission of a drug trafficking offense, 18 U.S.C.A. § 924(c) (West Supp.1992). In Kincaid's first appeal, a panel of this court affirmed his convictions and remanded for resentencing. *United States v. Kincaid,* 912 F.2d 464 (4th Cir.1990) (per curiam) (*Kincaid I*). Kincaid now questions his sentence of 181 months imprisonment. He challenges a three-level enhancement imposed pursuant to 18 U.S.C.A. § 3147 (West Supp.1992) and United States Sentencing Commission, *Guidelines Manual,* § 2J1.7 (Nov. 1990), as violative of the Due Process and Double Jeopardy Clauses, U.S.Const. amend. V. He further maintains that he was provided with inadequate notice of the existence and effect of 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7. Finally, Kincaid argues that the district court improperly applied a two-level enhancement for his aggravating role in the offense. *See* U.S.S.G. § 3B1.1(c). The Government cross appeals, contending that the district court abused its discretion by denying the Government a reasonable opportunity at sentencing to present evidence concerning the amount of cocaine that should be attributed to Kincaid for sentenc-

ing purposes. We affirm in part, reverse in part, and remand for resentencing.

## I.

Kincaid was arraigned before a magistrate judge on a charge of bank fraud in October 1988. He subsequently pled guilty to the charge. While on release pending sentencing, he committed the instant offenses.

Prior to trial, the Government filed notice that it would seek an enhanced sentence under 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7 in the event of a conviction. Section 3147 provides that a person convicted of an offense that was committed while on release shall receive an increased sentence. Sentencing guideline § 2J1.7 incorporates this provision into the guidelines by requiring a three-level increase to the base offense level when 18 U.S.C.A. § 3147 is applicable.

At the sentencing hearing following his convictions, the district court sentenced Kincaid to 188 months imprisonment for the narcotics offenses and a consecutive sentence of 60 months for the firearm violation. In computing Kincaid's criminal history category the district court erroneously added two points pursuant to U.S.S.G. § 4A1.1(d), a guideline that applies when a defendant committed the instant offense while under any criminal justice sentence. The court declined to apply the enhancement provided for in 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7, reasoning that the sentence was "sufficiently severe" without it.

Kincaid and the Government appealed. The Government unsuccessfully challenged the two-level reduction for acceptance of responsibility. The panel in *Kincaid I* also rejected Kincaid's complaint of errors allegedly committed during the guilt phase of his trial. Regarding the sentencing phase, the panel agreed with Kincaid that the district court incorrectly calculated his criminal history category by applying U.S.S.G. § 4A1.1(d). The panel pointed out that this error occurred because the district court erroneously believed that Kincaid had been sentenced on the bank fraud conviction when he committed the instant offenses. In fact, he was awaiting sentencing at that time. Accordingly, the panel affirmed the convictions and remanded for resentencing.

Shortly before the resentencing hearing that is the subject of this appeal Kincaid raised objections to his presentence investigation report regarding the amount of cocaine attributed to him for sentencing purposes. The Government requested a continuance to allow it an opportunity to respond to the surprise objections by calling witnesses and offering other evidence. At the beginning of the hearing, the district court denied the Government's motion. It then determined that Kincaid's base offense level was 28. The court applied a two-level enhancement for his role in the offense, *see* U.S.S.G. § 3B1.1(c), and a two-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a). The court considered and applied 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7, resulting in a three-level increase to Kincaid's base offense level. Finally, it correctly calculated Kincaid's criminal history category to be II. *See* U.S.S.G. § 4A1.1. The court sentenced Kincaid to 121 months imprisonment on the narcotics convictions and a consecutive sentence of 60 months on the firearm violation. The parties now appeal.

## II.

Kincaid's primary argument on appeal is that by applying 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7, the district court denied him rights guaranteed by the Due Process and Double Jeopardy Clauses. He also maintains that he was provided with inadequate notice of the potential application and effect of these provisions. We address these contentions in turn.

## A.

■ Noting that the district court sentenced him to the bottom of the guidelines range at both sentencings, Kincaid argues that had the district court not applied the enhancement and had the court again sentenced him at the bottom of the guidelines

range, he would have received a sentence of 87 months instead of 121 months imprisonment. Thus, Kincaid asserts that as a result of the application of 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7 he received a sentence of 34 additional months imprisonment on the narcotics convictions in violation of his right to due process as elucidated in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In *Pearce*, the Supreme Court held that "[d]ue process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at 725, 89 S.Ct. at 2080. To guarantee the absence of vindictiveness, a sentencing court may impose an increased sentence only if it identifies "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing." *Id.* at 726, 89 S.Ct. at 2081. Recently, the Supreme Court limited *Pearce* to apply to circumstances "in which there is a 'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989) (citation omitted) (quoting *United States v. Goodwin*, 457 U.S. 368, 373, 102 S.Ct. 2485, 2488–89, 73 L.Ed.2d 74 (1982)). If such a reasonable likelihood does not exist, "the burden remains upon the defendant to prove actual vindictiveness." *Id.* 490 U.S. at 799–800, 109 S.Ct. at 2204–05.

To assess whether a sentence violates *Pearce* and its progeny, we first ask "whether the new sentence is actually harsher than that imposed prior to successful appeal." *United States v. Schoenhoff*, 919 F.2d 936, 939 (5th Cir.1990) (per curiam). Despite application of 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7, Kincaid received a total sentence of 181 months imprisonment, a punishment significantly less onerous than his first sentence of 248 months imprisonment. Consequently, Kin-

caid fails to show that he received a harsher penalty, and we conclude that the *Pearce* presumption of vindictiveness does not apply.

■ Moreover, even if Kincaid had received a harsher sentence, he would be unable to demonstrate a reasonable likelihood of vindictiveness based on a correct application of the sentencing guidelines by the district court that resulted in a higher guideline range.* Cf. *United States v. Mabry*, 953 F.2d 127, 133 (4th Cir.1992) (convening a sentencing hearing did not create a reasonable likelihood of vindictive motive because the court simply followed the procedures set out in the guidelines), *petition for cert. filed*, —— U.S.L.W. —— (U.S. Mar. 23, 1992) (No. 91–1565). Likewise, Kincaid fails to meet his burden of showing actual vindictiveness, because he offers no evidence to suggest that the district court retaliated against him for exercising his right to appeal his sentence.

### B.

■ Kincaid next contends that the application of 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7 violates his rights guaranteed by the Double Jeopardy Clause because the decision of the district court not to apply the enhancement amounted to an "acquittal" on the merits. In addition, he asserts that the instruction of this court in *Kincaid I* to the district court to consider 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7 at resentencing and the resulting sentence afforded the Government a second opportunity to present evidence against him. This, he maintains, contravenes the well-established principle that the Double Jeopardy Clause bars the Government from the "'opportunity to supply evidence which it failed to muster in the first proceeding.'" *United States v. DiFrancesco*, 449 U.S. 117, 128, 101 S.Ct. 426, 432, 66 L.Ed.2d 328 (1980) (quoting *Burks v. United States*, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978)).

* While the guidelines were correctly applied, as discussed in part IV the district court erred in not allowing the government an opportunity to

be heard regarding the amount of cocaine that should be attributed to Kincaid for sentencing purposes.

In essence, Kincaid construes the error by the district court and its subsequent correction by this court as permitting him the opportunity to expose the flaw in his sentence and yet immunizing him from a correct application of the law by virtue of the initial mistake. We disagree. The decision not to apply 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7 did not result from a finding by the district court of insufficiency of the evidence to support application of the enhancement. *Cf. United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978) (noting that acquittal results from a finding of insufficiency of the evidence). Instead, a misunderstanding of the facts led to the decision by the court to increase Kincaid's criminal history category from II to III and not to increase Kincaid's base offense level by application of 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7. The correction of this error on remand rested well within the power of the district court. Therefore, we conclude that Kincaid did not sustain an abuse of his rights protected by the Double Jeopardy Clause. *See United States v. MacDougall,* 790 F.2d 1135, 1142 (4th Cir.1986).

### C.

■ In his final challenge to the application of 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7, Kincaid asserts that the magistrate judge and the district court before whom he appeared for the bank fraud conviction failed to provide him with adequate notice of the existence and effect of the enhancements as required by *United States v. Cooper,* 827 F.2d 991 (4th Cir. 1987). In *Cooper,* we held that 18 U.S.C.A. § 3147 does not apply when the judicial officer authorizing release fails to advise the defendant of the conditions of release in a written statement and of " 'the penalties for violating a condition of release, including the penalties for committing an offense while on ... release.' " *Id.* at 993 (quoting 18 U.S.C.A. § 3142(h)(2)(A) (West 1985 & Supp.1992)).

The record demonstrates that the magistrate judge and the district court provided adequate notice to Kincaid. Following the arraignment, the magistrate judge instructed Kincaid that "should you commit any crime while on release, there are minimum mandatory as well as increased maximum penalties that may apply." Moreover, the magistrate judge reviewed the release order with Kincaid, instructed him to read it, and obtained Kincaid's affirmative response when asked whether he understood the order. Finally, when ordering continuance of bond pending sentencing, the district court advised the parties, without objection from Kincaid, that the same conditions of release would apply.

### III.

■ Kincaid challenges the application of U.S.S.G. § 3B1.1(c) which provides that "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase [the base offense level] by 2 levels." The district court correctly applied this guideline, after determining that Kincaid exercised control over a co-conspirator named Constantine M. Janouris by providing him with specific instructions on the circumstances under which he could sell narcotics from Kincaid's residence. Further, the district court found that Janouris consummated drug transactions at Kincaid's direction, responded to Kincaid's instructions during an abduction of another drug dealer, and followed Kincaid's instructions to obtain a refund for a delivery of cocaine with which Kincaid was dissatisfied. The record demonstrates that the finding of the district court was not clearly erroneous. *See United States v. White,* 875 F.2d 427, 431 (4th Cir.1989).

### IV.

■ The Government contends that the denial of its request for a continuance at the resentencing hearing amounted to an abuse of discretion because "[w]hen a reasonable dispute exists about any factor important to the sentencing determination, the court must ensure that the parties have an adequate opportunity to present relevant information." U.S.S.G. § 6A1.3, comment.; *see* Fed.R.Crim.P. 32(a)(1). We

agree that the district court abused its discretion by failing to grant the continuance. By entertaining Kincaid's surprise objections to his presentence investigation report yet refusing to permit the reasonable request of the Government for a brief continuance, the district court effectively denied the Government an opportunity to present relevant evidence. On remand, the district court shall afford the Government an opportunity to present evidence regarding the amount of cocaine for which it asserts Kincaid should be held accountable. After affording Kincaid the opportunity to present evidence to support his position, the court must resolve this disputed issue by making specific findings of fact and then determining the appropriate offense level in accordance with the principles set forth in U.S.S.G. § 1B1.3.

V.

In summary, we reject Kincaid's contentions of error in his sentencing. We hold that he did not suffer an abuse of his rights under the Due Process and Double Jeopardy Clauses due to the application of 18 U.S.C.A. § 3147 and U.S.S.G. § 2J1.7. Kincaid's complaint that the magistrate judge and district court did not provide him with adequate notice of the existence and effect of these enhancements is without merit. Further, we conclude that the district court properly applied U.S.S.G. § 3B1.1(c) to Kincaid. Finally, we hold that the district court erred by failing to allow the Government an opportunity to present evidence regarding the amount of cocaine that should be attributed to Kincaid. Consequently, we affirm in part, reverse in part, and remand for resentencing consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR RESENTENCING.