998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Willian JONES, Defendant-Appellant.
 No. 92-5879.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 23, 1993.
Decided: July 14, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. Matthew J. Perry, Jr., District Judge. (CR-88-183)
 James T. McBratney, Jr., ROGERS, MCBRATNEY & JOSEY, Florence, South Carolina, for Appellant.
 Margaret B. Seymour, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert William Jones was convicted of armed bank robbery, 18 U.S.C.A. § 2113(a), (d) (West 1984 & Supp. 1993), and use of a firearm in a crime of violence, 18 U.S.C.A. § 924(c) (West Supp. 1993). He was sentenced as a career offender under guideline section 4B1.1.* On appeal, this Court affirmed his conviction, but vacated his sentence and remanded for resentencing because the district court had refused to consider Jones's challenge to the constitutionality of his 1978 conviction for attempted robbery. United States v. Jones, 907 F.2d 456 (4th Cir. 1990), cert. denied, 498 U.S. 1029 (1991) (Jones I ). On remand, the district court imposed a non-career offender sentence and the government appealed. This Court held in the second appeal that Jones had not offered sufficient proof that the 1978 conviction was constitutionally invalid, and again remanded for resentencing with instructions to count the 1978 conviction. United States v. Jones, 977 F.2d 105 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3583 (U.S. 1993) (Jones II ).
 
 
 2
 At his third sentencing, Jones requested a departure on general grounds under guideline section 2K2.0 and 18 U.S.C.A. § 3553 (West 1985 & Supp. 1993), but offered no evidence of mitigating circumstances. He also argued that resentencing him as a career offender violated the protection against double jeopardy. The district court declined to depart and found no double jeopardy violation. Jones was sentenced to 262 months, the bottom of the career offender guideline range, and a consecutive 60-month sentence for the firearm conviction.
 
 
 3
 Counsel for Jones has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he argues that the district court failed to understand its authority to depart under section 4A1.3, but represents that, in his view, there are no meritorious issues for appeal. Jones has been notified of his right to file a supplemental brief, but has failed to do so.
 
 
 4
 Because Jones did not request a departure for overstated criminal history in the district court, he has forfeited all but plain error review of the question of whether the district court recognized its authority to depart under section 4A1.3. United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993). The record shows that the district court was aware of its authority and we find no plain error.
 
 
 5
 There was no double jeopardy violation because the government presented all its evidence in support of the career offender sentence at the first sentencing hearing and there has been no acquittal, express or implied, in this respect. In Bullington v. Missouri, 451 U.S. 430 (1981), and Bohlen v. Caspari, 979 F.2d 109 (8th Cir. 1992), petition for cert. filed, 61 U.S.L.W. 3653 (U.S. Mar. 8, 1993) (No. 92-1500), the cases relied on by Jones in the district court, the state failed to produce sufficient evidence to support an enhanced sentence at the first sentencing and received a second opportunity to prove its case on remand. Absent these circumstances, correction of a sentencing error in a second hearing does not violate the Double Jeopardy Clause. See United States v. Kincaid, 964 F.2d 325 (4th Cir. 1992).
 
 
 6
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for appeal. Accordingly, we affirm the judgment of the district court.
 
 
 7
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1988)