**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4371

CHRISTOPHER WALKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-96-123)

Submitted: October 21, 1997

Decided: October 31, 1997

Before MURNAGHAN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John B. Boatwright, III, BOATWRIGHT & LINKA, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Joan E. Evans, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher Walker was convicted of conspiracy to distribute or to possess with intent to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. § 846(a) (1994) and sentenced to 360 months imprisonment and five years supervised release. He appeals his sentence, contending that the district court erred by increasing his base offense level by four levels under USSG § 3B1.1(a)* for his role as an organizer or leader of criminal activity. Finding no error, we affirm.

The determination that the defendant was an organizer or leader in the offense is essentially a factual question reviewable for clear error. See United States v. Sheffer, 896 F.2d 842, 846 (4th Cir. 1990). Under the Sentencing Guidelines, § 3B1.1(a) provides for a four-level increase in offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The following factors are to be considered when distinguishing between a managerial role and an organizational role: (1) the exercise of decision making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. USSG § 3B1.1, comment. (n.4). We have endorsed enhancements for a defendant's leadership role in a conspiracy in recruitment and control situations, such as when the defendant recruited another individual to accompany him on a drug purchasing trip or exercised control over co-conspirators in the distribution of drugs. See United States v. Kincaid, 964 F.2d 325, 329 (4th Cir. 1992); United States v. Smith, 914 F.2d 565, 569-70 (4th Cir. 1990).

_____

*U.S. Sentencing Guidelines Manual § 3B1.1(a) (1996).

2

The record discloses that Walker and his partner of approximately four years ("Taylor") bought and distributed crack cocaine through a network of sellers. When Taylor began experiencing problems with his supplier ("Ashley"), Walker introduced him to his supplier in New Jersey ("June"). On several occasions, Walker, Taylor, and Ashley traveled to New Jersey to purchase cocaine from June. Evidence at trial revealed that several individuals were under Walker's control during the conspiracy in various ways. Walker supplied at least one witness with crack cocaine for approximately one year during the conspiracy; others distributed cocaine at the street level for Walker. Two witnesses testified they often picked up the cocaine on behalf of Walker and accompanied Walker at his direction for drug-related exchanges while others drove for Walker and delivered crack cocaine to his customers. There was also testimony that at least one person "cooked" crack at Walker's direction. In addition, at trial Taylor implicated at least six other individuals in the conspiracy.

We therefore find no clear error in the sentencing court's application of § 3B1.1(a) in increasing Walker's offense level. Accordingly, we affirm Walker's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3