**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4936

MELVIN D. SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-97-39)

Submitted: July 28, 1998

Decided: August 25, 1998

Before ERVIN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James F. Sumpter, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Mark Healy Bonner, Trial Attorney,
UNITED STATES DEPARTMENT OF JUSTICE, Richmond, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Melvin D. Smith appeals his sentence imposed upon his conviction, after a jury trial, of two counts of use and carry of firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (1994), and one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841 (1994). Smith challenges only the district court finding that he was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive under U.S. Sentencing Guidelines Manual § 3B1.1 (1997). Finding no error, we affirm.

A police officer stopped Smith for making an improper lane change, and arrested him after determining that he did not have a valid driver's license. The officer searched Smith's car and found crack cocaine, a loaded 9mm pistol, and a loaded 12-gauge shotgun. After the jury found Smith guilty, a probation officer prepared a presentence report (PSR). The PSR recommended a three-level increase for his role in the offense pursuant to USSG § 3B1.1(b) based upon evidence provided by the Government that Smith was involved in the upper management of a gang with at least six individuals under his supervision. Smith filed an objection to the enhancement for his role in the offense and the Government responded. The sentencing court held an evidentiary hearing. The Government presented the testimony of ATF Special Agent Michael Talbert and Officer Phillip Caudrey of the Richmond Police Department. Smith's counsel cross-examined the Government's witnesses, but did not provide any other evidence.

Special Agent Talbert identified Smith as a member of a gang called the "Bottom Group," also known as the "Charlie Boys." According to Agent Talbert, Smith took an active role in the Bottom Group after the loss of some of the main members of the gang. His role included buying weapons, and he was a suspect in a homicide of a

2

member of a rival gang called the "Dog Pound."* Agent Talbert testi-fied that Smith's other gang activities included firearms violations and narcotics distribution. He also testified that Smith had a supervisory role in the gang from the summer of 1996 until his arrest.

Officer Caudrey identified Smith as a member of the Bottom Group, but did not know if Smith had a supervisory role in the gang. Caudrey testified to an incident in November 1994 when Smith and his friend, Michael Atkins, were shot at by members of the Dog Pound because Smith had stolen drugs from another Dog Pound member. Atkins was killed in the skirmish that ensued. Smith escaped and told Officer Caudrey what led up to the shooting. Caudrey also testified that the Bottom Group had at least twenty members when Smith was active in the gang prior to his March 1997 arrest and the decline of the gang due to death and incarceration.

The district court was satisfied that Smith was a supervisor of the Charlie Boys or the Bottom Group and that he supervised the criminal activity of more than six persons. The court questioned, however, whether the offense of conviction was related to the Charlie Boys' activities. The Government argued that the testimony revealed that the offenses of conviction occurred at a time when the Charlie Boys were active. The Government also offered that Smith's drugs were of a quantity, value, and packaging to show distribution, and that there was evidence that the Charlie Boys received their drugs for distribu-tion by robbing competitors. Smith did not contest this evidence. The Government also noted that Agent Talbert and Officer Caudrey testi-fied as to the gang's activities and that these activities are precisely the type of activities for which Smith was convicted.

The sentencing court acknowledged that it could consider the evi-dence at trial and at the sentencing hearing when making its findings. The court found that a preponderance of the evidence showed that Smith had a supervisory role in the gang, that the number in the gang was five or more, and that its criminal activity was otherwise exten-

_____

*The PSR incorrectly identified Smith as a member of the Dog Pound gang. The district court noted the error and ordered that the report be changed to reflect that Smith was a member of the Bottom Group or the Charlie Boys.

3

sive. The court found that it was permissible to infer that the offenses of conviction were conducted as part of Smith's role as a supervisor in a gang involved in narcotics trafficking and firearms violations.

The determination that the defendant was an organizer or leader in the offense is essentially a factual question reviewable for clear error. See United States v. Sheffer, 896 F.2d 842, 846 (4th Cir. 1990); United States v. Smith, 914 F.2d 565, 569 (4th Cir. 1990). The district court must articulate its finding, the finding must be supported by evidence, United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992), but the court need not address every factor it considered. See United States v. Harris, 39 F.3d 1262, 1270 (4th Cir. 1994).

An enhancement under § 3B1.1 is appropriate if the defendant was "the organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1, comment. (n. 2). Enhancements for a defendant's leadership role in a conspiracy have been applied in recruitment and control situations. See Harris , 39 F.3d at 1270-71; United States v. Kincaid, 964 F.2d 325, 329 (4th Cir. 1992); Smith, 914 F.2d at 570.

Smith argues that he acted as a sole distributor when he was convicted. We have held that the sentencing court is not "bound by the narrow scope of the offense for which a defendant is convicted. A court should look beyond the count of conviction . .. and make its determination after considering all conduct within the scope of section 1B1.3 (Relevant Conduct)." United States v. Fells, 920 F.2d 1179, 1185 (4th Cir. 1990). The district court did not clearly err in finding that Smith had a supervisory role over at least five persons that related to his conviction.

Smith filed a motion for leave to file a pro se supplemental brief. We grant the motion. Smith contends that there was not sufficient evidence to convict him for possession with intent to distribute a controlled substance. Smith argues that he did not knowingly possess the crack cocaine found in the vehicle in which he was stopped by the officer. The drugs were found in a pocket of the driver's side door. Smith alleges that he did not know that the drugs were in the car because he borrowed the car from another person shortly before the stop. After a review of the transcript, we find that this claim is with-

4

out merit. The Government produced sufficient evidence to prove knowing possession by Smith.

We therefore affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5