UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4409

JOSE LUIS REYES,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-257)

Submitted: January 27, 2000

Decided: March 14, 2000

Before TRAXLER and KING, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Charles H. Harp, II, HEDRICK, HARP & MICHAEL, Lexington,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Steven H. Levin, Assistant United States Attorney, Greens-
boro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994), the district court sentenced Jose Luis Reyes to life in prison. Reyes appeals, challenging the district court's application of the United States Sentencing Guidelines to increase his base offense level by several levels. We find no merit to his claims; consequently, we affirm.

First, Reyes contends that the district court erred by increasing his offense level by two levels under United States Sentencing Guidelines § 2D1.1(b)(1) (1998) for possession of a firearm during the commission of his crime. Reyes brandished a firearm while robbing an individual to collect a drug debt. Police found a gun at a home rented by Reyes and used for drug activities. At the time of his arrest at a separate residence, police found a firearm and drugs in a room where the floor was covered with dog feces; Reyes had fresh dog feces on his shoes. Reyes failed to show that the connection between his drug offense and these firearms was clearly improbable. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). We find that the district court's application of U.S.S.G. § 2D1.1(b)(1) to enhance Reyes' sentence was not clearly erroneous.

Reyes also argues that the district court improperly enhanced his offense level by two levels under U.S.S.G. § 3C1.1 for obstruction of justice, based on Reyes' attack on Cedrick Stevenson, an individual scheduled to testify against one of Reyes' co-defendants. Stevenson testified that Reyes told him during the attack that "snitches get stitches." We find that the district court did not err by applying the obstruction of justice enhancement. See U.S.S.G. § 3C1.1 comment. (n.1) (explaining that this enhancement is appropriate where obstruction of justice involved co-defendant's case).

2

Next, Reyes argues that he should not have received an enhancement for being an organizer or leader in the conspiracy under U.S.S.G. § 3B1.1. The district court found that Reyes was an organizer or leader because, on at least one occasion, Reyes exercised leadership authority when he took a co-defendant to Florida to pick up drugs to bring back to North Carolina. The presentence report contained other information amply supporting the adjustment. Reyes testified at sentencing that the conspiracy had no leaders, a claim the district court did not accept. Thus, the district court's finding was not clearly erroneous. See United States v. Kincaid , 964 F.2d 325, 329 (4th Cir. 1992).

Reyes claims that the district court should not have increased his offense level by two levels under U.S.S.G. § 3B1.4 for using a person under the age of eighteen to commit the offense. The evidence is undisputed that Reyes provided drugs to Adrian Ladson to sell in 1993 when Ladson was under eighteen years old. Therefore, the district court's finding that § 3B1.4 applied to Reyes was not clearly erroneous.

Finally, Reyes contends that the district court committed clear error by failing to grant him a downward adjustment for acceptance of responsibility. The district court refused to grant this downward adjustment because of Reyes' assault on Stevenson. We find that the facts of this case do not warrant deviation from the general rule that, if there is an upward adjustment for obstruction of justice, no downward adjustment for acceptance of responsibility ordinarily is warranted. See U.S.S.G. § 3E1.1, comment. (n.4).

For these reasons, we affirm Reyes' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3