**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4502

DANETTE LAVAINE MAYFIELD,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-164-V)

Submitted: April 13, 2000

Decided: April 21, 2000

Before WIDENER and WILKINS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P.,
Richmond, Virginia, for Appellant. Robert J. Higdon, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Danette Lavaine Mayfield appeals a sentence imposed upon her guilty plea to a two count indictment charging her with conspiracy to distribute certain illegal narcotics and conspiracy to launder money. She claims that the district court erred in imposing a two level role-in-the-offense increase under U.S. Sentencing Guidelines Manual § 3B1.1(c) (1998). We affirm.

Mayfield did not object at sentencing to the enhancement, despite notice that it was recommended in the presentence report ("PSR"), so our review is for "plain error." See United States v. Olano, 507 U.S. 725, 732 (1993). The PSR contained clear and uncontradicted evidence that Mayfield was a "manager . . . of one or more other participants" and that she "exercised management responsibility over the property . . . of a criminal organization." USSG§ 3B1.1, comment. (n.2). According to the PSR, Mayfield acted as a point person for a drug distribution network. As such, she took and filled orders for cocaine from several other coconspirators, including her brother, who would then deliver the drugs to third parties. She also collected money from her coconspirators and forwarded it to the leaders of the organization. This evidence was sufficient to show that Mayfield managed the financial obligations of and flow of drugs to other coconspirators. See United States v. Kincaid, 964 F.2d 325, 329 (4th Cir. 1992) (finding enhancement proper where defendant exercised control over coconspirators regarding distribution of drugs and financial matters).

Accordingly, we find no plain error, and therefore, we affirm. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the deicisonal process.

AFFIRMED