**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4625

KEVIN MAURICE SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-369)

Submitted: April 25, 2000

Decided: May 11, 2000

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert A. Ratliff, Cincinnati, Ohio, for Appellant. Walter C. Holton,
Jr., United States Attorney, Robert A. J. Lang, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Kevin Maurice Smith was convicted of conspiracy to distribute cocaine base and two counts of distribution of cocaine base. In this appeal, he challenges both his convictions and his sentence. We affirm.

Smith first asserts the evidence was insufficient to sustain his conspiracy conviction because the Government's evidence varied from the indictment. Specifically, he contends that the Government alleged a single unified conspiracy but proved two smaller conspiracies, one between Smith and Walter Clark and another between Smith and Kenneth Dobson. The evidence, however, adequately demonstrates that Smith, Clark, and Dobson all acted in concert. Clark and Dobson both testified that they distributed cocaine with Smith and at least one other person. The fact that Clark and Dobson lacked knowledge of the other's identity does not negate that they engaged with Smith in a single conspiracy. See United States v. Morsley, 64 F.3d 907, 919 (4th Cir. 1995); United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993).

Smith next claims the Government improperly relied on testimony obtained through plea bargains with his co-conspirators. Smith argues that such arrangements violate 18 U.S.C. § 201 (1994), but acknowledges we have rejected this argument. See United States v. Richardson, 195 F.3d 192, 194-97 (4th Cir. 1999), cert. denied, ___ U.S. ___, 68 U.S.L.W. 3431 (U.S. Jan. 10, 2000) (No. 99-7186). Smith also asserts that the use of numerous cooperating co-conspirators violates due process. We have examined his arguments and find them unpersuasive. Accordingly, we affirm Smith's convictions.

Finally, Smith contends the district court erred in enhancing his sentence based on possession of a firearm and his managerial role in the conspiracy. He alleges the firearm enhancement was based on unreliable testimony. We defer to the district court's credibility determination, however. See United States v. Feurtado , 191 F.3d 420, 424 n.2 (4th Cir. 1999), pet. for cert. filed, ___ U.S.L.W. ___ (U.S. Mar. 1, 2000) (No. 99-8587). As for the managerial enhancement, it was

2

not clearly erroneous for the district court to find Smith qualified for a three-level enhancement based on payments and instructions he gave one of his co-conspirators. See U.S.S.G. § 3B1.1(b); United States v. Kincaid, 964 F.2d 325, 329 (4th Cir. 1992).

For these reasons, we affirm Smith's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3