**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JUAN JOSE VALLADARES-HELGUERA,
　　　　　*Defendant-Appellant.*

No. 03-4095

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-00-130)

Submitted: October 3, 2003

Decided: October 16, 2003

Before WILLIAMS and SHEDD, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Lyle J. Yurko, YURKO & OWENS, P.A., Charlotte, North Carolina,
for Appellant. Robert J. Conrad, Jr., United States Attorney, Jennifer
Marie Hoefling, Assistant United States Attorney, Charlotte, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jose Juan Valladares-Helguera (Valladares) pled guilty, without a written plea agreement, to one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, 21 U.S.C. § 846 (2000), and one count of conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (2000). He was sentenced to life imprisonment. Valladares appeals, claiming that: (1) the district court erred in applying a two-level enhancement for possession of a firearm; (2) the district court erred in applying a four-level enhancement for being a leader or organizer of the drug conspiracy; (3) the district court erred in finding that the crack cocaine portion of the conspiracy was reasonably foreseeable to him; (4) the district court erred in denying a three-level reduction for acceptance of responsibility; and, (5) his life sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Finding no reversible error, we affirm.

In 1999, a state police investigation uncovered a large cocaine and marijuana trafficking organization in the Western District of North Carolina. One of the co-conspirators arrested, Jimmy Philbeck, identified Valladares and his brother Carlos as the primary suppliers of the conspiracy; according to Philbeck, the brothers supplied him with 2000 pounds of marijuana and 8 kilograms of cocaine over an eight-month period. At Valladares' sentencing hearing, United States Customs Agent Roger Jernigan testified that Philbeck identified Valladares as "the boss" of the organization in that he "controlled and told the others what to do."

Jernigan also testified that information received from wiretaps on Valladares' phone indicated that Valladares knew that the cocaine he supplied was being cooked into crack cocaine. Specifically, Valladares had several conversations over a three-day period pertaining to the quality of the cocaine as determined by its quality when cooked

into crack. Jernigan also stated that according to another co-conspirator, Valladares was aware that a large part of the cocaine that he supplied was being cooked into crack. Co-conspirator Juan Mercado stated that he received approximately twenty to thirty kilograms of cocaine powder from Valladares and that a large amount of that cocaine was cooked into crack.

The presentence report recommended a two-level enhancement for possession of a dangerous weapon (a firearm) based on a 1997 state court conviction for possession with intent to sell and deliver marijuana and carrying a concealed gun. USSG § 2D1.1(b)(1). Based on a total offense level of 44 and a criminal history category I, the district court sentenced Valladares to the recommended guideline sentence of life imprisonment. He noted a timely appeal.

Valladares first challenges the enhancement he received for possession of a dangerous weapon. A two-level enhancement must be given under USSG § 2D1.1(b)(1) if a dangerous weapon was possessed during the offense. Application Note 3 provides that the enhancement applies if the weapon is present, unless it is clearly improbable that the weapon was connected with the offense. The determination that a weapon enhancement is warranted is a factual determination subject to clearly erroneous review. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990).

Valladares' 1997 conviction for carrying a concealed weapon occurred during the time period charged in the indictment. Valladares did not refute this evidence. Moreover, Agent Jernigan testified that other members of the conspiracy carried firearms and that those firearms were foreseeable to Valladares. Thus, the district court's finding of this enhancement was not clearly erroneous.

Next, Valladares argues that the district court erred in applying a four-level enhancement for his role in the offense. A district court's determination of the defendant's role in the offense is a factual finding that is reviewed for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). Section 3B1.1(b) provides for a four-level increase "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The commentary clarifies the applicability of the enhance-

ment: "to qualify for an adjustment under this section, the defendant must have been an organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1, comment. (n.2). The enhancement only requires the recruitment of one other person. *United States v. Kincaid*, 964 F.2d 325, 329 (4th Cir. 1992). Factors distinguishing a leadership or organizational role from lesser roles include exercise of decision-making authority, the nature of the participation in the offense, recruitment of accomplices, the claimed right to a larger share of the proceeds, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised. USSG § 3B1.1, comment. (n.4).

The indictment named twenty-five members of the conspiracy. In addition to information contained in Valladares' presentence report, the evidence of Valladares' leadership was provided by Jernigan's testimony at the sentencing hearing. There, Jernigan testified that Philbeck identified Valladares as "the boss" of the organization because he "controlled and told the others what to do." Moreover, Valladares' own testimony established that he received large quantities of drugs from Mercado in Mexico and that he (Valladares) then distributed the drugs to Philbeck and others in North Carolina. Given this uncontradicted evidence, we find that the district court's application of the enhancement for Valladares' leadership role was not clearly erroneous.

Next, Valladares asserts that the district court erred in attributing the conspiracy's crack cocaine to him. Specifically, Valladares argues that the district court erred in relying on the wiretapped phone conversations as evidence because the government did not introduce any evidence about whether the wiretap conversations were in English or in Spanish. These objections were waived because Valladares failed to raise them at his sentencing hearing. Moreover, Valladares does not suggest, nor provide any evidence, that the conversations were not clearly understood. In addition, the district court specifically found Valladares' testimony on this subject "incredible." We thus find that the district court did not clearly err in attributing crack cocaine to Valladares.

Fourth, Valladares challenges the district court's denial of a three-level reduction for acceptance of responsibility. USSG § 3E1.1(a),(b).

The district court's determination regarding acceptance of responsibility is factual and is reviewed with great deference for clear error. USSG § 3E1.1, comment. (n.5); *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. *United States v. Urrego-Linares*, 879 F.2d 1234, 1238-39 (4th Cir. 1989).

Valladares' guilty plea did not automatically entitle him to a reduction for acceptance of responsibility. *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996). The district court denied the adjustment because Valladares refused to accept responsibility for distributing crack cocaine and because the court found his testimony "incredible." We find that the district court did not clearly err. *See United States v. Harris*, 882 F.2d 902, 905 (4th Cir. 1989) ("A defendant's credibility and demeanor play a crucial role in evaluating whether he is genuinely contrite and has accepted responsibility and the sentencing judge is in a unique position to evaluate these factors."); *see also* USSG § 3E1.1, comment. (n.1(a)) (finding defendant who falsely denies or frivolously contests relevant conduct determined to be true does not merit adjustment for acceptance of responsibility).

Finally, Valladares argues that his life sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. Valladares' sentence was based upon 3000 pounds of marijuana, 38 kilograms of cocaine, and over 1.5 kilograms of crack cocaine and was enhanced on the grounds addressed above. His guideline range was life imprisonment.

We find that, given the length of the conspiracy, the amount of drugs involved, and Valladares' leadership role in the conspiracy, his life sentence was not unconstitutional. Furthermore, Valladares' sentence was based on an amount exceeding that involved in *Harmelin v. Michigan*, 501 U.S. 957 (1991) (upholding life sentence for a first-time drug offender who possessed 672 grams of cocaine powder). This court has "found that a life sentence for a major drug violation is not disproportionate in comparison with other sentences under the Guidelines." *United States v. D'Anjou*, 16 F.3d 604, 613 (4th Cir. 1994). Accordingly, Valladares has failed to show an Eighth Amendment violation.

We affirm Valladares' sentence. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*