**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4687**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIO A. MASON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Joseph Robert Goodwin, District Judge. (CR-04-127)

---

Submitted: March 30, 2006                    Decided: April 5, 2006

---

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Todd A. Twyman, TWYMAN LAW OFFICES, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mario A. Mason appeals the 135-month sentence imposed after he pled guilty to one count of conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The district court concluded that Mason qualified for a two-level enhancement for his role in the conspiracy pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (2004), and sentenced him under an advisory sentencing regime, after consideration of the applicable sentencing range and the factors under 18 U.S.C. § 3553(a) (2000), to a sentence within the applicable guideline range. On appeal, Mason asserts that his sentence violates the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), because his sentence was enhanced based upon facts that were not alleged in the indictment, admitted to by him, or found by a jury beyond a reasonable doubt.

Contrary to Mason's assertion, his concessions during his Fed. R. Crim. P. 11 plea colloquy fully support the district court's application of the two-level enhancement to his sentence. Specifically, Mason conceded that he provided cocaine to two individuals who, in turn, resold the drugs for him. See United States v. Kincaid, 964 F.2d 325, 329 (4th Cir. 1992) (exercise of control over even one individual may support two-level enhancement as leader or organizer). He further admitted that he traveled with Kirt King, a co-conspirator, to purchase cocaine, using others as

- 2 -

decoys or diversions, that he and King pooled their money to purchase the drug for resale, and that he participated in the preparation of the drug for resale, thereby admitting to assisting in the management of the product and of the conspiracy. See United States v. Chambers, 985 F.2d 1263, 1267 (4th Cir. 1993); United States v. Paz, 927 F.2d 176, 180 (4th Cir. 1991). Accordingly, we find proper the advisory guideline range, including the § 3B1.1(c) enhancement, determined by the district court. Finally, because Mason's sentence was reasonable, see United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006), we affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED