**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4487**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN CARROLL WALL, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:04-cr-00008-WLO-2)

———————

Submitted:  December 18, 2006          Decided:  January 23, 2007

———————

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted John Carroll Wall, Jr. of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000), armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2000), and the carrying and use of firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000). The district court initially sentenced Wall to 108 months' imprisonment on the second count[*] and eighty-four months on the third count. On appeal, we affirmed Wall's convictions, vacated Wall's sentence on the second count, and remanded the case to the district court for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005).

Treating the sentencing guidelines as advisory, the district court on remand again imposed a two-level enhancement for organizing and leading a criminal activity involving fewer than five participants, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(c) (2003). After considering the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), the district court sentenced Wall to 100 months' imprisonment on the second count. Wall filed a timely appeal. He contends the district court's factual finding concerning the § 3B1.1(c)

---

[*]The first count, a lesser-included offense, merged with the second count.

enhancement on the second count was clearly erroneous. Finding no error, we affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). An error of law or fact can render the sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). In considering whether a sentence is unreasonable, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). A sentencing court treating the guidelines as advisory continues to make factual findings concerning sentencing factors by a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).

An enhancement for an aggravating role in an offense requires, at a minimum, that "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1, comment. (n.2); see United States v. Harriott, 976 F.2d 198, 200 (4th Cir. 1992) (two-level enhancement appropriate where defendant directed activities of one other person); United States v. Kincaid, 964 F.2d 325, 329 (4th Cir. 1992) (same). Factors distinguishing a leadership or organizational role from lesser roles include exercise of decision

making authority, the nature of the participation in the offense, recruitment of accomplices, the claimed right to a larger share of the proceeds, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised. USSG § 3B1.1, comment. (n.4). After carefully reviewing the trial and sentencing transcripts, we conclude the district court did not clearly err in the application of the two-level enhancement for Wall's role in the offense.

Accordingly, we affirm Wall's sentence on the second count. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED