**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5273**

———————

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 versus

VIET NGUYEN,

 Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00252-01)

———————

Submitted: September 26, 2007    Decided: October 17, 2007

———————

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Frank A. Abrams, Arden, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Viet Nguyen challenges his 210-month sentence, imposed upon his guilty plea to conspiracy to possess with intent to distribute and to distribute MDMA ("ecstasy") in violation of 21 U.S.C.A. §§ 846, 841(b)(1)(C) (West 2000 & Supp. 2006), and possession with intent to distribute ecstacy on April 21, 2005, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1) (2000). Nguyen argues that the district court violated his Sixth Amendment rights by making factual findings to calculate his advisory guideline range under U.S. Sentencing Guidelines Manual ("USSG") (2005). Nguyen also contends the court erred in determining the drug quantity attributable to him and by enhancing his sentence based on his leadership role in the offense. For the reasons that follow, we affirm.

After Booker,[*] a district court is no longer bound by the range prescribed by the sentencing guidelines. Cunningham v. California, 127 S. Ct. 856, 875 (2007); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Because Nguyen was sentenced under an advisory guideline scheme, the district court did not violate the Sixth Amendment by making findings for sentencing purposes under a preponderance of the evidence standard. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert.

_____

[*]United States v. Booker, 543 U.S. 220 (2005).

- 2 -

denied, 127 S. Ct. 121 (2006) (Booker did "not in the end move any decision from judge to jury, or change the burden of persuasion").

A district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). "The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing." United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993).

In this case, the evidence amply supported the drug quantity (14,141.4 grams, converted to 7,070.7 kilograms of marijuana) for which Nguyen was held responsible. The Government presented reliable evidence at sentencing that established that Nguyen was responsible for 14,000 grams of ecstacy supplied to and sold by an accomplice over a seven-month period and 141.4 grams delivered by a co-conspirator during a controlled purchase. These amounts total 14,141.4 grams. There was also credible evidence that Nguyen was responsible for additional drugs not included in this calculation, including 20,000 ecstacy tablets (5,045 grams) that a courier was delivering to Nguyen, and approximately 2,500 ecstasy tablets purchased by undercover officers from co-conspirators who were supplied by Nguyen. We conclude the district court committed no error.

A district court's determination of the defendant's role in the offense is also reviewed for clear error. <u>United States v. Sayles</u>, 296 F.3d 219, 224 (4th Cir. 2002). A four-level adjustment for role in the offense is appropriate when "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). An enhancement for an aggravating role requires, at a minimum, that "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1, comment. (n.2); <u>United States v. Harriott</u>, 976 F.2d 198, 200 (4th Cir. 1992) (enhancement appropriate where defendant directed activities of one other person); <u>United States v. Kincaid</u>, 964 F.2d 325, 329 (4th Cir. 1992) (same).

As the district court concluded, there were at least five participants in the conspiracy, and there was evidence that Nguyen directed the actions of at least two members of the conspiracy by sending them to conduct transactions on his behalf. Accordingly, the district court did not err in determining that the enhancement based on Nguyen's leadership role was warranted.

Accordingly, we affirm Nguyen's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>