**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5031**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

ROBERT M. OTISO, a/k/a Robe,

              Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   John T. Copenhaver, Jr., District Judge.  (2:09-cr-00251-2)

Submitted:  December 22, 2011      Decided:  January 5, 2012

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Carl E. Hostler, PRIM LAW FIRM, PLLC, Hurricane, West Virginia, for Appellant.   R. Booth Goodwin II, United States Attorney, Susan M. Robinson, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert M. Otiso appeals his conviction and seventy-two-month sentence after pleading guilty without a plea agreement to one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C.A. § 1349 (West 2000 & Supp. 2011). Otiso challenges his sentence on several grounds, including asserting that the district court erred when it: (1) calculated the loss amount with which he should be attributed; (2) increased his offense level and refused to reduce the offense level based on his role in the conspiracy; and (3) imposed a substantively unreasonable sentence upon him. Finding no error, we affirm.

This court reviews a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to assess procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range or failing to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). The court must then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. A sentence within a properly calculated Guidelines range

will be presumed reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Otiso challenges the procedural reasonableness of his sentence. In particular, Otiso asserts that the district court erred when it calculated the amount of loss with which he should be attributed because he asserts that only a portion of the loss was foreseeable to him. According to Otiso, although he knew there were other fraudulent accounts, he claims he had no control over them "nor any knowledge of any money being contained in the accounts." Factual determinations underlying a district court's loss calculations are reviewed for clear error. United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). We have reviewed the record and conclude that the district court did not clearly err in attributing $3,379,069.43 of intended loss to Otiso.

Otiso also asserts that the district court erred when it increased his offense level two levels based on his leadership role in the conspiracy, and denied his request for a two-point reduction based on his allegedly minor role in the conspiracy. According to Otiso, his co-conspirator was the

conduit for the conspiracy's masterminds and he exercised no control over the conspiracy. We review whether the district court correctly increased Otiso's offense level based on his aggravating role in the conspiracy for clear error. United States v. Cabrera-Beltran, 660 F.3d 742, 756 (4th Cir. 2011).

A defendant qualifies for a two-level enhancement if he was "an organizer, leader, manager, or supervisor in any criminal activity." U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(c) (2009). In determining a defendant's leadership role, "a district court should consider whether the defendant exercised decision making authority for the venture, whether he recruited others to participate in the crime, whether he took part in planning or organizing the offense, and the degree of control and authority that he exercised over others." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). "Leadership over only one other participant is sufficient as long as there is some control exercised." Id. We find that Otiso's involvement in the conspiracy warranted application of the two-level enhancement under USSG § 3B1.1(c). See, e.g., United States v. Kincaid, 964 F.2d 325, 329 (4th Cir. 1992) (upholding district court's § 3B1.1(c) enhancement where defendant gave another co-conspirator instructions about selling narcotics).

4

Because Otiso's sentence is within the Guidelines range calculated at sentencing, his sentence is entitled to the presumption of reasonableness. Allen, 491 F.3d at 193. In an apparent attempt to rebut this presumption, however, Otiso asserts that his sentence is unreasonable because it is greater than his co-conspirators' sentences. Because the co-conspirators either played lesser roles in the conspiracy, did not participate in the fraud itself, had no Kenyan contacts, did not open the fraudulent bank accounts, or immediately began cooperating with law enforcement and benefitted from a substantial assistance motion, we find that the district court had legitimate reasons for imposing a greater sentence on Otiso. Thus, any disparity between Otiso's and his co-conspirators' sentences does not render Otiso's sentence unreasonable. See United States v. Hall, 977 F.2d 861, 864 (4th Cir. 1992) (recognizing that disparities in sentences among co-defendants may occur for a variety of reasons, including more lenient sentences due to substantial assistance motions and lesser roles in the crimes for which some are convicted).

We have considered Otiso's remaining arguments and find them to be without merit. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented

5

in the materials before the court and argument would not aid the decisional process.

AFFIRMED