UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.   No. 00-4288

GARY LEON BROWN,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., District Judge.
(CR-89-92)

Submitted: September 29, 2000

Decided: October 19, 2000

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bryan Emery Gates, Jr., Winston-Salem, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Gary Leon Brown was convicted in 1989 of conspiring to possess cocaine and crack cocaine with intent to distribute and of distributing crack. The district court sentenced Brown to imprisonment for 235 months. We vacated and remanded for resentencing because the district court failed to make an independent finding of perjury necessary to support the enhancement Brown received for obstruction of justice. *See U.S. Sentencing Guidelines Manual* § 3C1.1 (1998); *see also United States v. Dunnigan*, 507 U.S. 87, 95 (1993). On remand, the district court found that the obstruction of justice enhancement was not appropriate and sentenced Brown to 223 months imprisonment— a twelve month reduction from his original sentence. Brown's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court's decision to impose a sentence at the top of the guideline range was based on vindictiveness and whether the court should have departed downward based on Brown's post-offense rehabilitation. Counsel concedes, however, there are no meritorious issues for appeal. Brown has filed a supplemental pro se brief in which he essentially restates his attorney's first claim.

Brown first claims that the district court's decision to impose a sentence at the top of the guidelines range was based on vindictiveness because he successfully attacked his original sentence. Because the sentence Brown received on remand was less onerous than that originally imposed, the presumption of vindictiveness provided under *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), does not apply. *See United States v. Kincaid*, 964 F.2d 325, 328 (4th Cir. 1992) (holding that the presumption of vindictiveness applies only where "the new sentence is actually harsher than that imposed prior to [the] successful appeal") (internal quotation omitted).

Second, Brown challenges the district court's refusal to depart downward for post-offense rehabilitation. A defendant may not appeal a district court's refusal to depart downward at sentencing unless the court's refusal was based on a mistaken view that it lacked the authority to depart. *See United States v. Bayerle*, 898 F.2d 28, 31

(4th Cir. 1990). Here, there is no evidence that the district court mis-apprehended its authority to depart downward; rather, its determination was based upon the court's finding that Brown's post-conviction behavior was insufficient to warrant such a departure. *See United States v. Brock*, 108 F.3d 31, 35 (4th Cir. 1997) (holding that extraordinary and unusual post-offense rehabilitation is an appropriate ground for departure).

In accordance with the requirements of *Anders*, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*