**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4779**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TROY LAMONT MURPHY,

Defendant - Appellant.

---

**No. 05-4808**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY LAFON MURPHY, a/k/a TJ,

Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (CR-04-241)

---

Submitted: August 30, 2006          Decided: October 4, 2006

---

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas K. Maher, WINSTON & MAHER, Chapel Hill, North Carolina; James M. Ayers II, AYERS, HAIDT & TRABUCCO, P.A., New Bern, North Carolina, for Appellants. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Lafon Murphy and his brother, Troy Lamont Murphy were convicted by a jury of one count of conspiracy to distribute and to possess with intent to distribute more than fifteen kilograms of cocaine and more than 1.5 kilograms of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000).  Troy was also convicted of one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  On appeal, counsel have filed an Anders[1] brief, in which they state there are no meritorious issues for appeal, but suggest that the district court erred in enhancing Timothy's offense level for his role in the offense and for possession of a dangerous weapon, and erred in enhancing Troy's offense level for obstruction of justice by intimidating witnesses. Timothy and Troy each filed a pro se supplemental brief.  The Government declined to file a brief.  We affirm.

In determining the sentencing range for Timothy under the Sentencing Guidelines,[2] the probation officer attributed a total of 7848.85 grams of crack cocaine and 39,000 grams of powder cocaine, which converted to a marijuana equivalency of 164,777 kilograms. This quantity yielded a base offense level of thirty-eight pursuant to USSG § 2D1.1(c)(1).  The probation officer also recommended a two-level enhancement pursuant to USSG § 2D1.1(b)(1) because

_____

[1]Anders v. California, 386 U.S. 738 (1967).

[2]U.S. Sentencing Guidelines Manual (2004) (USSG).

- 3 -

Timothy possessed a dangerous weapon in connection with the offense, and a four-level enhancement pursuant to USSG § 3B1.1(a) because Timothy was an organizer or leader of an extensive criminal enterprise that involved five or more participants. The total offense level of forty-four was reduced to forty-three, the maximum recognized in the Guidelines. Timothy's prior criminal activity resulted in a total of seventeen criminal history points, placing him in criminal history category VI, which was also mandated by his career offender status. The resulting sentencing range based on a total offense level of forty-three and criminal history category VI was life imprisonment. At sentencing, the district court overruled Timothy's objections to the enhancements and imposed a life sentence.

In determining the sentencing range for Troy, the probation officer attributed a total of 1991.1 grams of crack cocaine and 627.575 grams of powder cocaine, which converted to a marijuana equivalency of 39,947.515 kilograms. This quantity yielded a base offense level of thirty-eight pursuant to USSG § 2D1.1(c)(1). The probation officer also recommended a two-level enhancement pursuant to USSG § 3C1.1 because Troy intimidated witnesses. Troy's prior criminal activity resulted in a total of nine criminal history points, placing him in criminal history category IV. The resulting sentencing range based on a total offense level of forty and criminal history category IV was 360

months to life imprisonment.  The district court rejected Troy's objections and sentenced him to 360 months of imprisonment.

Counsel first suggests that the district court erred in enhancing Timothy's offense level for a leadership role in the offense and for possession of a dangerous weapon.  A district court's determination of the defendant's role in the offense is reviewed for clear error.  United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).  A four-level adjustment for role in the offense is appropriate when "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  USSG § 3B1.1(a).

An enhancement for an aggravating role requires, at a minimum, that "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."  USSG § 3B1.1, comment. (n.2); United States v. Harriott, 976 F.2d 198, 200 (4th Cir. 1992) (two-level enhancement appropriate where defendant directed activities of one other person); United States v. Kincaid, 964 F.2d 325, 329 (4th Cir. 1992) (same). Factors distinguishing a leadership or organizational role from lesser roles include exercise of decision making authority, the nature of the participation in the offense, recruitment of accomplices, the claimed right to a larger share of the proceeds, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of

control and authority exercised.  USSG § 3B1.1, comment. (n.4).  In this case, the district court noted these factors and concluded that the enhancement was justified by the evidence at trial.  Our review of the record convinces us that the district court's decision to impose the four-level enhancement was correct.

The Guidelines provide for a two-level increase in a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed."  USSG § 2D1.1(b)(1).  Application Note 3 of the Commentary to § 2D1.1 states that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  USSG § 2D1.1(b)(1), comment. (n.3).  "In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity."  United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).  The district court imposed the enhancement based on testimony that Timothy held a knife to the throat of a person he apparently suspected of stealing a quantity of cocaine.  We conclude that the district court did not err in imposing this enhancement.

Counsel next asserts that the district court erred in enhancing Troy's offense level for obstruction of justice.  We review a district court's determination that a defendant obstructed justice for clear error.  United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005).  The Sentencing Guidelines provide for a

two-level increase in a defendant's offense level "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct." USSG § 3C1.1.

"[T]hreatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so" is specifically listed as an example of conduct for which the enhancement is appropriate. USSG § 3C1.1, comment. (n.4(a)). "To apply the obstruction-of-justice enhancement, the district court must find that a defendant consciously act[ed] with the purpose of obstructing justice." United States v. Stewart, 256 F.3d 231, 253 (4th Cir. 2001) (internal quotation marks and citation omitted). The district court imposed the enhancement based on testimony that Troy threatened a co-defendant and coerced him into signing a letter exonerating Troy, and attempted to verbally intimidate other witnesses. Our review of the record demonstrates that the facts supporting the enhancement were sufficiently established.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We have considered the arguments asserted in the pro se briefs submitted by

- 7 -

Timothy and Troy and find them to be without merit.  We therefore affirm the convictions and sentences.  We deny Troy's motion to proceed pro se as moot.  This court requires that counsel inform their client, in writing, of the right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED