**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Trinidad LOPEZ, Defendant— Appellant.**

No. 03–10266.

D.C. No. CR–02–5050–AWI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided May 17, 2004.

Laurel J. Montoya, Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Gary L. Huss, Wild Carter Tipton & Oliver, Fresno, CA, for Defendant–Appellant.

Before B. FLETCHER, TROTT, and FISHER, Circuit Judges.

## MEMORANDUM *

Jose Trinidad Lopez ("Lopez") was convicted of manufacturing methamphetamine and of conspiracy to manufacture and distribute methamphetamine. He appeals his convictions and 235–month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

### I.

Lopez challenges the identification testimony of two trial witnesses, Jennifer Bredberg and Detective Stanley Barron. We begin with the Bredberg identification.

Bredberg identified Lopez in a video that had been shot by Detective Barron on the day of the police raid and in a still photograph drawn from that video. We need not decide whether these identifications followed from impermissibly suggestive pretrial or trial procedures because we conclude that Bredberg's testimony was sufficiently reliable under the totality of the circumstances. *See United States v.*

*Bagley,* 772 F.2d 482, 492 (9th Cir.1985) ("If under the totality of the circumstances the identification is sufficiently reliable, identification testimony may properly be allowed into evidence even if the identification was made pursuant to an unnecessarily suggestive procedure."); *see also Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) (listing factors to be considered in the totality of the circumstances test). Bredberg testified that she had been Lopez's neighbor for one year at the time of the crime, that she had spoken with Lopez only a few days before the police raid, and that she often saw Lopez from about the same distance as he is shown on the video. Bredberg was fairly certain in her identification, and she explained that she could identify Lopez as the sixth man in the Barron video because of the shape of his head, his nose, his stance and his walk, in addition to the color of his hair. Having reviewed Bredberg's testimony and the Barron videotape, we conclude that the *Biggers* factors favored admissibility.

Although we find the circumstances of Detective Barron's identification more troubling, we are convinced that any error in admitting his testimony was harmless beyond a reasonable doubt. *See Neder v. United States,* 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (stating that constitutional error must be harmless beyond a reasonable doubt). Barron's identification added nothing to Bredberg's admissible and compelling testimony, and Bredberg's identification was supported by other evidence of Lopez's guilt.

### II.

At sentencing the district court ruled Lopez ineligible for an offense level reduc-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion under section 2D1.1(b)(6) of the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 2D1.1 (b)(6) (2002). We affirm because the district court provided reasons for its decision and because its factual findings were not clearly erroneous. *See United States v. Franco-Lopez*, 312 F.3d 984, 993 (9th Cir.2002) (explaining that a district court must give reasons for applying or refusing to apply the safety valve provision); *United States v. Real-Hernandez*, 90 F.3d 356, 360 (9th Cir.1996) (stating that factual determinations regarding eligibility for safety valve relief are reviewed for clear error). Although Lopez now contends that the district court should have conducted an evidentiary hearing on this sentencing issue, it appears from the record that the parties agreed about the basic contents of Lopez's statement during the safety valve interview. The district court had enough information to make a reasoned decision and was not required to conduct an evidentiary hearing *sua sponte*. *See Real-Hernandez*, 90 F.3d at 362 (explaining that there is "no general right to an evidentiary hearing at sentencing" and that the decision whether to conduct an evidentiary hearing is "discretionary, not mandatory").

Lopez argues that he and a co-defendant were given impermissibly disparate sentences. We review only for plain error because Lopez's passing reference to a potential disparity did not adequately raise this issue in the district court. *See* Fed. R.Crim.P. 52(b). Our decision in *United States v. Monroe*, 943 F.2d 1007 (9th Cir. 1991), forecloses the possibility of plain error; here, as in *Monroe*, "we may presume that a sentence was calculated as the Guidelines require and not in retaliation for the defendant's decision to exercise his constitutional right to stand trial." *Id.* at 1018.

### III.

Lopez's convictions and sentence are AFFIRMED.