**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4408**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

          versus

HOWARD J. BEARD,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg. Samuel G. Wilson, District
Judge. (5:02-cr-30020-sgw-4)

---

Submitted: May 23, 2007                    Decided: July 12, 2007

---

Before WILLIAMS, Chief Judge, WILKINSON, Circuit Judge, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

B. Stephanie Commander, B. STEPHANIE COMMANDER, P.L.C.,
Charlottesville, Virginia, for Appellant. John L. Brownlee, United
States Attorney, William F. Gould, Assistant United States
Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard J. Beard appeals his sentence imposed for conspiracy to possess with intent to distribute more than fifty grams of cocaine base and knowingly distributing a detectable amount of cocaine base after remand for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). Beard again challenges the constitutionality of his sentence. He also claims that the court erred in attributing 500 grams or more of cocaine base to him, enhancing his sentence for a leadership role of manager or supervisor, failing to grant him a reduction for minor role in the offense, and failing to sua sponte apply the safety valve provision. Finding no error, we affirm.

On appeal after remand, Beard again argues that his sentence was enhanced in violation of the Sixth Amendment because the court relied on factors not admitted by him or submitted to a jury and proven beyond a reasonable doubt. In Booker, the Supreme Court held that Blakely v. Washington, 542 U.S. 296 (2004), applies to the federal Sentencing Guidelines and that the mandatory Guidelines scheme, which provided for sentence enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment. See Booker, 543 U.S. at 226-27, 245. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and

appellate review under the Guidelines, thus making the Guidelines advisory.  543 U.S. at 245.

However, in imposing a sentence post-Booker, courts still must calculate the applicable Guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West Supp. 2006).  United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  Here, the district court re-sentenced Beard post-Booker and appropriately treated the Guidelines as advisory.  The sentencing court properly made factual findings concerning sentencing factors by a preponderance of the evidence, including drug quantity and a leadership enhancement.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).  The Court sentenced Beard after considering and examining the Sentencing Guidelines and the § 3553(a) factors, as instructed by Booker. Therefore, there is no Sixth Amendment error.

Next, Beard argues that the district court's decision on drug quantity was based on unreliable evidence in that it relied on the testimony of cooperating informants.  He also argues that the district court did not make specific findings as to whether the drug amount was reasonably foreseeable and within the specific agreement of the conspiracy and instead "blindly" held him accountable for 500 grams of cocaine base.

First, this court does not review the district court's credibility findings regarding witness testimony. Witness credibility is not generally subject to appellate review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Moreover, the witnesses in a drug conspiracy case are frequently other drug users and dealers; this fact alone is insufficient to discount their testimony. See, e.g., United States v. Rose, 12 F.3d 1414, 1425 (7th Cir. 1994) (noting that in criminal cases, one "'cannot expect that witnesses will possess the credibility of people of the cloth'") (quoting United States v. Rovetuso, 768 F.2d 809, 818 (7th Cir. 1985)).

A sentencing court may hold a drug conspirator responsible for all of the drugs that were reasonably foreseeable to him within the scope of the unlawful agreement. United States v. Lipford, 203 F.3d 259, 270 (4th Cir. 2000). To justify a finding based on co-conspirator liability, the sentencing court must make specific findings as to the scope of the conspiratorial agreement and the foreseeability of the co-conspirator's conduct. United States v. Bolden, 325 F.3d 471, 499-500 (4th Cir. 2003). Although the district court did not specifically state which amounts it was crediting and whether they were reasonably foreseeable to Beard and within the scope of the agreement, we conclude that it was not clear error to attribute 500 grams of cocaine base to him. The information in the presentence report and

testimony at trial indicate that this amount was attributable to Beard alone, without relying on the drugs distributed by Buchanan or others. After reviewing the full record, we find that the district court did not clearly err in attributing 500 grams or more of cocaine base to Beard.

A district court's determination of the defendant's role in the offense is reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). A three-level adjustment for role in the offense is appropriate when "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual § 3B1.1(b) (2002). An enhancement for an aggravating role requires, at a minimum, that "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1, comment. (n.2); United States v. Harriott, 976 F.2d 198, 200 (4th Cir. 1992) (two-level enhancement appropriate where defendant directed activities of one other person); United States v. Kincaid, 964 F.2d 325, 329 (4th Cir. 1992) (same).

Beard argues that he was just a street level dealer, did not have control over the actions of others, recruit other members into the conspiracy, or plan or organize any conspiracy activities. Beard managed or supervised at least five co-conspirators. In

addition, Beard directed others to put their names on his cell phone account and automobile title, and to cash checks for him. We therefore conclude that the activities in which Beard engaged meet the requirements of a manager or supervisor of a conspiracy under USSG § 3B1.1(b). See United States v. Bartley, 230 F.3d 667, 673-74 (4th Cir. 2000) (holding increase appropriate where defendant arranged the logistics of marijuana deliveries or payments and coordinated the activities of others). The district court did not err in increasing Beard's Guidelines range based upon his managerial role in the conspiracy.

Beard also essentially questions whether the district court erred in not applying a reduction in his base offense level for having a minor role in the offense. Beard objected to the PSR on the basis of failure to award the reduction, however the objection was not renewed at sentencing. A defendant who is only a "minor participant" in a criminal activity may have his offense level reduced by two levels. USSG § 3B1.2(b). This applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.5). Here, the district court reasonably did not grant a two-level reduction for minor participant in the offense, as the evidence established that Beard was a manager or supervisor, and his significant managerial activities demonstrate that his role

cannot be defined as minimal.  Therefore, under either a plain error or clear error standard, the court did not err.

Finally, Beard argues that the court should have sua sponte applied the safety valve adjustment.  Under the safety valve provision, a defendant who provides timely and truthful information about his offenses to the Government may be sentenced without regard to a statutory mandatory minimum, if he meets all five requirements set forth in the statute.[*]  <u>See</u> 18 U.S.C. § 3553(f) (2000); USSG § 5C1.2; <u>United States v. Beltran-Ortiz</u>, 91 F.3d 665, 667 (4th Cir. 1996).  The record reveals that the district court did not plainly err in failing to apply the provision to benefit Beard.

We therefore affirm Beard's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*]The statute applies only if the defendant: (1) does not have more than one criminal history point; (2) has not used violence or credible threats of violence, or possessed a dangerous weapon in connection with the offense; (3) has not caused death or serious bodily injury; (4) was not an organizer, leader, manager, or supervisor of others in the offense; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence concerning offenses part of the same course of conduct or a common scheme or plan.  18 U.S.C.A. § 3553(f) (West 2000 & Supp. 2006); USSG § 5C1.2 (2002).