**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4533**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TORIBIO SANDOVAL RIOS,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:09-cr-00003-JAB-1)

Submitted:  November 22, 2010      Decided:  December 27, 2010

Before GREGORY, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Donald Cowan, Jr., Heather Howell Wright, ELLIS & WINTERS, LLP, Greensboro, North Carolina, for Appellant.  John W. Stone, Jr., Acting United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toribio Sandoval Rios pleaded guilty, pursuant to a written plea agreement, to one count of using a communication device to facilitate conspiracy to distribute cocaine, in violation of 21 U.S.C. § 843(b) (2006). Under the plea agreement, Rios agreed to waive indictment, be charged by an information, and to plead guilty to the information. In return, the Government agreed to dismiss the superseding indictment, which had charged Rios with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). The agreement also contained an appellate waiver, providing that Rios agreed to waive appeal on any ground except ineffective assistance of counsel, prosecutorial misconduct, a sentence in excess of the statutory maximum, or a sentence based on an unconstitutional factor.

The district court sentenced Rios to forty-six months' imprisonment, at the bottom of Rios's U.S. Sentencing Guidelines Manual ("USSG") (2008) range. Rios appealed, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but asking us to review whether the district court erred in failing to question Rios specifically about the appellate waiver in his plea agreement. Rios also filed a supplemental pro se brief questioning: (1) whether the district court erred

when it failed to consider a reduction for acceptance of responsibility; (2) whether Rios was entitled to a reduction for his mitigating role in the offense; and (3) whether Rios qualified for a reduction pursuant to the safety valve provision. We ordered supplemental briefing to address whether the district court erred in failing to grant Rios a two-level reduction pursuant to USSG § 2D1.1(b)(11). Finding no reversible error, we affirm.

We first note that the Government has not filed a motion to dismiss or otherwise sought to enforce the appellate waiver contained in Rios's plea agreement. This court does not enforce appellate waivers sua sponte. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Accordingly, it is not necessary for us to address whether the district court should have questioned Rios specifically about the appellate waiver.

We also need not address Rios's contention that the district court erred when it failed to consider a reduction for acceptance of responsibility, as the record reflects that the district court granted such a reduction.

Rios argues that the district court should have considered a mitigating role reduction. Under USSG § 3B1.2, a defendant can receive a two- or four-level reduction if he was a minor or minimal participant in any criminal activity. However,

3

this reduction is unavailable where "a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct." USSG § 3B1.2 cmt. n.3(B). Here, Rios's actual criminal conduct included participating as a cocaine distributor and courier in a conspiracy responsible for the distribution of more than five kilograms of cocaine, an offense that would have established a base offense level of thirty-two, see USSG § 2D1.1(c)(4), rather than the base offense level of twenty-six that he did receive. Because Rios pled guilty to a lesser offense and was held accountable for only the amount of cocaine actually discussed during the charged communication, a mitigating role reduction was unavailable.

Next, we consider whether the district erred when it failed to grant Rios a two-level reduction pursuant to USSG § 2D1.1(b)(11). We review legal questions concerning the application of the Guidelines de novo and factual questions for clear error. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Rios failed to argue for a safety valve adjustment before the district court. When a new claim is pursued for the first time on direct appeal, we review for plain error. United States v. Lighty, 616 F.3d 321, 365 (4th Cir. 2010); Fed. R. Crim. P. 52(b). This requires Rios to establish: "(1) error, (2) that is plain, and (3) that affects

4

his substantial rights." <u>Lighty</u>, 616 F.3d at 365 (citing <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993)).

The Government argues that the safety valve provision is inapplicable because Rios has failed to meet the final requirement enumerated in USSG § 5C1.2(a). Section 5C1.2(a) predicates a two-level reduction on meeting five requirements, the final one being that

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

USSG § 5C1.2(a)(5). Rios states that it is not clear whether the information he provided to secure the acceptance of responsibility reduction would satisfy § 5C1.2(a)(5), but he argues that the trial court erred in not considering whether Rios was eligible for the adjustment. We disagree.

We have held that "the burden rests on the defendant to prove that the prerequisites for application of the safety valve provision, including truthful disclosure, have been met." <u>United States v. Beltran-Ortiz</u>, 91 F.3d 665, 669 (4th Cir. 1996). To meet this burden, Rios must demonstrate "some level of affirmative conduct . . . that exceeds merely demonstrating a

willingness to cooperate and answer questions." United States v. Ivester, 75 F.3d 182, 185 (4th Cir. 1996). "[A] defendant does not meet the requirements of the 'safety valve' provision merely by meeting with a probation officer during the presentence investigation." United States v. Wood, 378 F.3d 342, 351 (4th Cir. 2004). Because Rios bears the burden of establishing the applicability of the safety valve provision, and because the only evidence that he is entitled to an offense-level adjustment under that provision comes from the presentence report, the district court did not err in failing to consider, sua sponte, whether the safety valve provision applied to Rios.

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Rios's conviction and sentence. This court requires that counsel inform Rios, in writing, of the right to petition the Supreme Court of the United States for further review. If Rios requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rios.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

6

before the court and argument would not aid the decisional process.

AFFIRMED