**Juan DE–LA–CRUZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 09–1273 (DRD).**
**Criminal No. 04–303 (DRD).**

United States District Court,
D. Puerto Rico.

March 6, 2012.

Juan De–La–Cruz, Youngstown, OH, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

## OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

Before the Court is Petitioner Juan De–La–Cruz's writ of habeas corpus under 28 U.S.C. § 2255 filed on March 19, 2009 (Docket No. 1). The Government opposed Petitioner's motion on August 3, 2009 (Docket No. 7) and Petitioner filed a reply on August 27, 2009 (Docket No. 8).

On March 19, 2009, Petitioner filed the instant complaint (Docket No. 1) with this Court alleging that his prior counsel in 04–cr–303 was ineffective when he failed to request the two level safety valve reduction and an additional one level reduction for acceptance of responsibility for sentencing purposes. Petitioner also filed an affidavit (Docket No. 1–2) attesting that his counsel told Petitioner that he satisfied the five requirements for the safety valve and that obtaining the benefits of the safety valve was "a sure thing." (Docket No. 1–2, page 2). Petitioner further states that "he cooperated with the authorities in making recorded telephone calls to co-conspirators which led to the arrest and conviction of two of the organizers/leaders or supervisors of the charged conspiracy." *Id.* Petitioner thus argues that but for counsel's failure to raise the matter of his eligibility for the safety valve and his acceptance of responsibility, the Court would have had the elements to sentence him to a lesser sentence.

On August 3, 2009, the Government opposed Petitioner's § 2255 motion (Docket No. 7). Therein, the Government notes that the First Circuit has previously addressed Petitioner's safety value argument. The Circuit Court briefly stated the following:

We have reviewed the record and the parties' submissions, and we affirm. Because the appellant, Juan De La Cruz ("De La Cruz"), did not request application of the safety valve in the district court, he waived any claim to its benefit. *See United States v. Escobar–Figueroa,* 454 F.3d 40 (1st Cir.), *cert. denied,* [549 U.S. 1025], 127 S.Ct. 568[, 166 L.Ed.2d 420] (2006). "Even if this claim is not waived, it is forfeited, and we see no plain error in the court's failure to award him the benefit of the safety valve. It is far from clear that De La Cruz's limited cooperation with the government revealed all that he knew about the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5) and U.S.S.G. C1.2(a)(5). The burden was on De La Cruz to show that he had provided *all* of the information in his possession about the conspiracy. *See United States v. Feliz,* 453 F.3d 33, 36 (1st Cir.2006). His belated assertion on appeal that he knew nothing more than the information he revealed upon his arrest is insufficient to meet

this burden, especially upon plain error review. *Affirmed.*

*United States v. De La Cruz,* Appeal No. 06–2195 (1st Cir. April 9; 2008); (Cr. No. 04–0303, Docket No. 487)(emphasis in the original). Accordingly, the Government posits that Petitioner is not entitled to relitigate this matter through a collateral proceeding. Additionally, the Government advances that as Petitioner failed to raise his claim for an additional one level reduction to the offense level for acceptance of responsibility at sentencing or on appeal, Petitioner has defaulted on this claim.

In regard to Petitioner's ineffective assistance of counsel argument, the Government asserts that Petitioner fails to meet the requisite test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Government also avers that Petitioner should not be resentenced to obtain the benefit of a downward departure for acceptance of responsibility as the Court was not without jurisdiction to impose such a sentence nor was it otherwise unconstitutional; further, the Government argues that because Petitioner failed to raise this argument at sentencing or on appeal, he procedurally defaulted on asserting that claim in the instant 2255 litigation.

On August 27, 2009, Petitioner filed a reply to the Government's opposition (Docket No. 8). Petitioner states that while he accepts the decision of the First Circuit, their decision only further underscores his claims of counsel's ineffectiveness for failing to raise the issue of the safety valve. Further, he claims that his counsel informed him that he provided all the information needed to satisfy the safety valve and that the Government failed to oppose it. Additionally, Petitioner avers that counsel's representation fell well below the objective standard of reasonable-

ness in failing to raise the issue of the safety valve and the acceptance of responsibility and that but for these lapses in judgment, Petitioner would have almost certainly obtained a lower sentence.

On February 10, 2012, the Court directed the Clerk of the Court to refer the instant matter to Magistrate Judge Justo Arenas for his *Report and Recommendation* (Docket No. 10).

On February 13, 2012, Magistrate Judge Arenas submitted a *Report and Recommendation* (Docket No. 11) to the Court. Therein, the Magistrate Judge notes that Petitioner's guilty plea was a straight plea unaccompanied by any plea agreement with the prosecution. The Magistrate opined that if counsel made promises and assurances which were ultimately broken regarding Petitioner receiving the benefit of the safety valve, then counsel's performance fell below an objective standard of reasonableness and the first prong of the *Strickland* test was thus satisfied. However, the Magistrate Judge determined that the second prong was not met as Petitioner could not demonstrate that *but for* counsel's error to raise the safety valve issue at sentencing the resulting of the proceedings would have been different. Magistrate Judge Arenas stated:

> it is clear that the matter of the safety valve was squarely addressed by the court of appeals and the clear message of the judgment shows that there was not or would have not been compliance with the requirements of the safety valve due to petitioner's lack of candor with the authorities and his limited cooperation with the government. A collateral petition cannot take the place of appellate review, particularly an unsuccessful one deciding the same issue. As it has been stated, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion[.]"

*Singleton v. United States,* 26 F.3d 233, 240 (1st Cir.1994) (quoting *United States v. Dirring [Dirring v. U.S.],* 370 F.2d 862, 864 (1st Cir.1967)).

(Docket No. 11, page 11).

## I. Referring Dispositive Motions to a U.S. Magistrate Judge

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed. R.Civ.P. 72(b); Rule 72(a), Local Rules, District of Puerto Rico; *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). An adversely affected party may contest the Magistrate Judge's Report and Recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72(d); FED.R.CIV.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (2009), in pertinent part, provides that:

> [w]ithin fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. **A judge of the court shall make a** *de novo* **determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

(emphasis added).

■ "Absent objection ... [a] district court has a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *see also Sands v. Ridefilm Corp.,* 212 F.3d 657, 663 (1st Cir.2000); *see also Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *see also Lewry v. Town of Standish,* 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *see also Keating v. Secretary of H.H.S.,* 848 F.2d 271, 275 (1st Cir.1988); *see also Borden v. Secretary of H.H.S.,* 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a de novo review of an argument never raised"); *see also United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *see also Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

■ In the instant case, neither party filed an opposition to Magistrate Judge Arenas' *Report and Recommendation.* As no objections to the Magistrate's *Report and Recommendation* were filed, the Court, in order to accept the unopposed *Report and Recommendation,* needs only satisfy itself that the *Report and Recommendation* contains no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415, 1419 (5th Cir.1996) (en banc) (extending the deferential "plain error" standard of review to the unobjected-to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir. 1982) (en banc) (appeal from district court's acceptance of unobjected-to findings of magistrate judge reviewed for

"plain error"); *see also Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296, 305 (D.P.R.2001) ("Court reviews [unopposed] Magistrate's *Report and Recommendation* to ascertain whether or not the Magistrate Judge's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P. 72(b)); *see also Garcia v. I.N.S.,* 733 F.Supp. 1554, 1555 (M.D.Pa.1990) ("when no objections are filed, the district court need only review the record for plain error").

## II. Analysis

As previously explained, because the Magistrate Judge's *Report and Recommendation* is unopposed, this Court needs only ascertain that there is no "plain error" as to the Magistrate Judge's conclusions, in order to adopt the same. After a careful analysis, the Court finds no such "plain error" and agrees with the Magistrate Judge's conclusions. The Court would have reached the same decision even if the Petitioner had objected to the *Report and Recommendation.* Thus, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference the Magistrate's *Report and Recommendation* (Docket No. 11) to the instant *Opinion and Order.* The Court explains below.

The Court wholeheartedly agrees with Magistrate Judge Arenas' determination that Petitioner can not demonstrate that his counsel's error to raise the safety valve issue at sentencing would have necessitated a different outcome. The First Circuit was clear in its April 9, 2008 *Judgment* that Petitioner bore the burden of demonstrating that he had provided all of the information in his possession about the conspiracy and that Petitioner did not meet that threshold. Thus, the Court cannot conclude that but for his counsel error to raise the issue at sentencing, there would have been a reasonable probability that Petitioner would have obtained the benefit of the safety valve and received a lesser sentence. Hence, Petitioner is unable to demonstrate prejudice under the second prong of the applicable *Strickland* test. *See Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994) ("Under the second prong of *Strickland,* the defendant must prove that he or she was prejudiced by the errors. That is, the defendant must prove that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."); *see also United States v. Guerrier,* 669 F.3d 1, 9 (1st Cir.2011) ("Subpar performance and prejudice are the two essentials for a winning ineffective-assistance claim.").

The Court additionally concurs with the Magistrate's finding that Petitioner cannot seek direct review of a claim, receive a negative result from the appellate court, and then seek to relitigate that claim in a Section 2255 appeal. As the First Circuit has previously stated, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States,* 26 F.3d 233, 240 (1st Cir.1994) (citations omitted). "Section 2255 motions may not be used as vehicles to re-litigate issues that were raised on appeal absent extraordinary circumstances, such as intervening change of law or newly discovered evidence." *Escobar–Figueroa v. United States,* 2011 WL 1118722, at *3, 2011 U.S. Dist. LEXIS 31841, at *8 (D.P.R. Mar. 22, 2011) (citing *Davis v. United States,* 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) and *Singleton,* 26 F.3d at 240). We find no such extraordinary circumstances in the instant matter.

The Court disagrees with the Government that Petitioner has procedurally defaulted on his claim for an additional one

level reduction to the offense level for acceptance of responsibility. Although Petitioner failed to raise this issue at sentencing or on direct appeal, Petitioner now raises the issue in his 2255 petition in terms of an ineffective assistance of counsel argument. The Circuit Court "has repeatedly held that collateral attack is the *preferred* forum for such [ineffective assistance of counsel] claims, since there is often no opportunity to develop the necessary evidence where the claim is first raised on direct appeal." *Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994) (emphasis in the original); *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (permitting ineffective assistance claims to be brought in the first instance under § 2255); *United States v. Rivera–Gonzalez,* 626 F.3d 639, 644 (1st Cir.2010) ("We generally will not address ineffective assistance claims on direct appeal, but rather require that they be raised collaterally."). Thus, we analyze this claim under the two prong *Strickland* test.

We concur with the Magistrate that "[a] defendant has the burden of proving that he merits a downward adjustment in the offense level." (Docket No. 11, page 10) (citing *United States v. Ocasio,* 914 F.2d 330, 332 (1st Cir.1990)). Moreover, the Court agrees with Magistrate Judge Arenas' assessment that the fact "[t]hat there was no downward departure request does not mean that there was ineffective assistance of counsel at the level of constitutional consequences." *Id.* Counsel's failure to request a reduction due to Petitioner's alleged acceptance of responsibility does not rise to the level of constituting a "complete miscarriage of justice" warranting Section 2255 relief. *Mateo v. United*

States, 398 F.3d 126, 136 (1st Cir.2005)("To be cognizable under § 2255, a non-constitutional claim of a legal error must amount to a 'fundamental defect which inherently results in a complete miscarriage of justice.' ")(quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

### III. Conclusion

For the reasons stated above, the Court determines that Magistrate Judge Arenas's *Report and Recommendation* (Docket No. 11) contains an apt and thoughtful analysis that is devoid of plain error.[1] Consequently, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference the Magistrate's *Report and Recommendation* (Docket No. 11) to the instant *Opinion and Order.* As we have concluded that Petitioner does not satisfied the applicable *Strickland* test for ineffective assistance of counsel, the Petitioner's motion under 28 U.S.C. § 2255 is hereby **DENIED** without the need for an evidentiary hearing. *See United States v. La-Bonte,* 70 F.3d 1396, 1412–1413 (1st Cir. 1995) ("A district court may dismiss a section 2255 petition without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations, although adequate on their face, consist of no more than conclusory prognostications and pervervid rhetoric, or if the key factual averments on which the petition depends are either inherently improbable or contradicted by established facts of record."); *see also* 28 U.S.C. § 2255 (explaining that a hearing is unnecessary when the record "conclusively shows that the prisoner is entitled to no

---

1. The Court need not go further "[w]here, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *In re San Juan Dupont Plaza Hotel Fire Litig.,* 989 F.2d 36, 38 (1st Cir.1993).

relief"). Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

*MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

## I. PROCEDURAL BACKGROUND

This matter is before the court on motion of petitioner Juan De–La–Cruz' motion to vacate sentence or set aside judgment under 28 U.S.C. § 2255. (Docket No. 1, filed March 19, 2009.) The United States responded in opposition to the petition to the petition on August 3, 2009. (Docket No. 7.) On August 27, 2009, petitioner filed a reply to the response to the opposition of the United States. (Docket No. 8.)

Petitioner was indicted on March 23, 2005 in all counts of a four-count second superceding indictment. Count one charged him and 10 others in that from no later than June 2004 up to and including July 19, 2004, in the District of Puerto Rico and elsewhere within this court's jurisdiction, the defendants knowingly, intentionally, and unlawfully combined, conspired, confederated and agreed together and with each other and others, to commit the following offense against the United States: to possess with intent to distribute five (5) kilogram or more (gross weight) of cocaine, a Schedule II Narcotic Drug Controlled Substance, and one kilogram or more of heroin, a Schedule I, Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). All in violation of Title 21, United States Code Section 846. Count two charged that, on or about the same dates, the defendants, aiding and abetting each other, did knowingly, intentionally, and unlawfully possess with intent to distribute five (5) kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, and one kilogram or more of heroin, a Schedule I, Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and Title 18 United States Code § 2.

Count three of the second superceding indictment charged him and 10 others in that from no later than June 2004 up to and including July 19, 2004, in the District of Puerto Rico and elsewhere within this court's jurisdiction, the defendants knowingly, intentionally, and unlawfully combined, conspired, confederated and agreed together and with each other and others, to commit the following offense against the United States: to import into the customs territory of the United States from a place outside thereof, that is Curacao, Netherlands Antilles, five (5) kilograms or more (gross weight) of cocaine, a Schedule II Narcotic Drug Controlled Substance, and one kilogram or more of heroin, a Schedule I, Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 952(a). All in violation of Title 21, United States Code Section 963. Count four charged him and 10 others in that from no later than June 2004 up to and including July 19, 2004, in the District of Puerto Rico and elsewhere within this court's jurisdiction, the defendants knowingly, intentionally, and unlawfully combined, conspired, confederated and agreed together and with each other and others, to commit an offense defined in Title 48, United States Code Appendix, Section 1903(a), that is, to possess with intent to distribute five (5) kilogram or more (gross weight) of cocaine, a Schedule II Narcotic Drug Controlled Substance, and one kilogram or more of heroin, a Schedule I, Narcotic Drug Controlled Substance, on board a vessel subject to the jurisdiction of the United States. All in violation of Title 48, United States Code

Appendix, Section 1903(j). (Crim. No. 04–303, Docket No. 177.)

On February 28, 2006, petitioner announced his intention to plead guilty by way of motion. (Crim. No. 04–0303, Docket No. 365.) Petitioner entered a guilty plea on March 21, 2006. There was no plea agreement with the government. This was a straight plea. (Crim. No. 04–0303, Docket No. 376).

On July 6, 2006, petitioner was sentenced to a term of 121 months as to each count. (Cr. No. 04–0303, Docket No. 399.) A notice of appeal pro se was filed on July 12, 2006. The judgment affirming the conviction was entered on April 9, 2008.

The judgment of the court of appeals reads as follows:

We have reviewed the record and the parties' submissions, and we affirm. Because the appellant, Juan De–La–Cruz ("De La Cruz"), did not request application of the safety valve in the district court, he waived any claim to its benefit. *See United States v. Escobar–Figueroa,* 454 F.3d 40, 49 (1st Cir.), cert. denied, [549 U.S. 1025], 127 S.Ct. 568[, 166 L.Ed.2d 420] (2006). Even if his claim is not waived, it is forfeited, and we see no plain error in the court's failure to award him the benefit of the safety valve. It is far from clear that De La Cruz's limited cooperation with the government revealed all that he knew about 'the offense or offenses that were part of the same course of conduct or of a common scheme or plan.' 18 U.S.C. § 3553(f)(5) & U.S.S.G. § 5C1.2(a)(5). The burden was on De La Cruz to show that he had provided all of the information in his possession about the conspiracy. *See United States v. Feliz,* 453 F.3d 33, 36 (1st Cir.2006). His belated assertion on appeal that he knew nothing more than the information he revealed upon his arrest is insuffi-

cient to meet this burden, especially upon plain error review.

(Cr. No. 04–0303, Docket No. 487.)

Petitioner raises two grounds for relief. Petitioner argues he was told by his trial counsel that he satisfied the five points of the safety valve and notes the extent of his cooperation with the authorities. He says his attorney told him that the safety valve was a sure thing. (Docket No. 1–2 at 2.) In order to qualify for a "safety valve" sentence reduction under 18 U.S.C. § 3553(f), a defendant must persuade the court that he meets all five of the requirements for eligibility enumerated in the statute. What is seminal to compliance with the five requirements is that if the criteria are all met as set out in U.S.S.G. § 5C1.2, the defendant is eligible for a sentence below of the statutory mandatory minimum, in this case, 120 months. According to petitioner, counsel informed that the safety valve would be granted and that the government would not oppose it.

The government stresses waiver and estoppel since the matter was not raised at the trial level and was presented and resolved at the appellate level. The government stresses that the safety valve issue cannot be relitigated in a Section 2255 motion since it has been put to rest by the court of appeals. Petitioner also complains that counsel did not request an additional one-point reduction and the government argues waiver at both trial and appellate levels. Petitioner argued on appeal that the court should have granted the safety valve level reduction on its own motion. That was resolved in the language of the court of appeals judgment quoted above. Petitioner notes that the fact that the issues of safety valve and waiver were not raised below only lends support to his attack on the adequacy of his legal representation.

In general terms, petitioner attacks the performance of his attorney as deficient and prejudicial in that the attorney failed to ask for the safety valve or object to the pre-sentence report. He blames his attorney for receiving a higher criminal history category point calculation and a higher sentence than he reasonably should have received with the expected reductions.

## II. DISCUSSION

■ Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). A cognizable section 2255 claim must reveal "exceptional circumstances" that make the need for redress evident. *David v. United States,* 134 F.3d at 474 (citing *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468).

■ "[A] § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently-incredible.'" *United States v. McGill,* 11 F.3d 223, 226 (1st Cir.1993) (citing *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir.1984)); *see Barrett v. United States,* 965 F.2d 1184, 1186 (1st Cir.1992); *United States v. DiCarlo,* 575 F.2d 952, 954 (1st Cir.1978); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings. "[D]efendants bear the burden of establishing by a preponderance of

the evidence that they are entitled to relief.... This includes the burden of showing that they are entitled, if they claim it, to an evidentiary hearing." *United States v. DiCarlo,* 575 F.2d at 954 (citing *Coon v. United States,* 441 F.2d 279, 280 (5th Cir. 1971)).

■ The Constitution's Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel; but this should not be construed as meaning that defendants are guaranteed a "letter-perfect defense or a successful defense...." *Lema v. United States,* 987 F.2d 48, 51 (1st Cir.1993) (citing *United States v. Natanel,* 938 F.2d 302, 309–10 (1st Cir.1991)). "[N]ot every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes." *Prou v. United States,* 199 F.3d 37, 48 (1st Cir. 1999). The familiar two-part test for constitutionally ineffective assistance of counsel was set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Smullen v. United States,* 94 F.3d 20, 23 (1st Cir. 1996); *Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994). Under the *Strickland* test, petitioner Juan De-La-Cruz has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky,* — U.S. —, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010) (quoting *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. 2052): *see Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996); *Scarpa v. Dubois,* 38 F.3d 1, 8 (1st Cir.1994); *Lema v. United States,* 987 F.2d at 51; *López–Nieves v. United States,* 917 F.2d 645, 648 (1st Cir.1990) (citing *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052). There is no doubt that *Strickland*

also applies to representation outside of the trial setting, which would include sentence and appeal. *See Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Bonneau v. United States,* 961 F.2d 17, 20–22 (1st Cir.1992); *United States v. Tajeddini,* 945 F.2d 458, 468–69 (1st Cir.1991), *abrogated on other grounds by Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *cf. Panzardi–Álvarez v. United States,* 879 F.2d 975, 982 (1st Cir.1989); *López–Torres v. United States,* 876 F.2d 4, 5 (1st Cir. 1989), abrogated on other grounds by *Bonneau v. United States,* 961 F.2d 17 (1st Cir.1992).

■ In order to satisfy the first-prong of the aforementioned test, petitioner De–La–Cruz "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.'" *Tejeda v. Dubois,* 142 F.3d 18, 22 (1st Cir.1998) (citing *Strickland* at 690, 104 S.Ct. 2052). Petitioner De–La–Cruz must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d at 23 (citing *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." *Argencourt v. United States,* 78 F.3d at 16 (citing, *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052); *see also Burger v. Kemp,* 483 U.S. 776, 789, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

■ The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a crimi-

nal proceeding if the error had no effect on the judgment.'" *Argencourt v. United States,* 78 F.3d at 16 (citing *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052). Thus, petitioner De–La–Cruz must affirmatively "prove that there is a reasonable probability that, but for [his] counsel's errors, the result of the proceeding would have been different." *Knight v. United States,* 37 F.3d at 774 (citing *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052).

■ In our circuit an error in the application of the sentencing guidelines needs to constitute "a complete miscarriage of justice" in order for section 2255 relief to be available. *See Knight v. United States,* 37 F.3d at 774. In other words, collateral attacks to the application of the sentencing guidelines can not be validly brought unless the guidelines' application constitute "a complete miscarriage of justice."

■ It has been sufficiently well established that no defendant is automatically entitled to a reduction as a minimal or minor participant, even if the defendant happens to be less culpable than other codefendants, and even if the courts finds, for example, that the defendant was just a courier. *United States v. López–Gil,* 965 F.2d 1124, 1131 (1st Cir.1989), *cert. denied,* 506 U.S. 981 (1992); *United States v. Paz Uribe,* 891 F.2d 396, 399 (1st Cir.1989), *cert. denied,* 495 U.S. 951, 110 S.Ct. 2216, 109 L.Ed.2d 542 (1990). A defendant has the burden of proving that he merits a downward adjustment in the offense level. *United States v. Ocasio,* 914 F.2d 330, 332 (1st Cir.1990). Even a defendant who was charged only with aiding and abetting a sale at which he was culpably present cannot require that the sentencing court label him a minor or minimal participant in that offense. *United States v. Ortiz,* 966 F.2d

707, 717 (1st Cir.1992), *cert. denied*, 506 U.S. 1063, 113 S.Ct. 1005, 122 L.Ed.2d 154 (1993). That there was no downward departure request does not mean that there was ineffective assistance of counsel at the level of constitutional consequences.

At sentencing, based upon U.S.S.G. § 2D1.1(c)(1), a base offense level of 38 was determined since 150 kilograms or more of cocaine were involved. Reductions included a 2–level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Because of a mitigating role, defendant's offense level was decreased from level 38 to level 34 pursuant to U.S.S.G. § 2D1.1(a)(3). Since he was portrayed as a minor participant, two levels were awarded under U.S.S.G. § 3B1.2(b). Based upon a total offense level of 30 and a Criminal History Category of I, the guideline range was from 97 to 121 months. Petitioner was sentenced to 121 months, one month above the statutory minimum unless he would have qualified for the provisions of the safety valve.

 Given the record before the court, and attaching credence to the allegations of petitioner, it is clear that counsel violated the first prong of the two-prong *Strickland* test. The government argues waiver and petitioner argues that the waiver is the result of counsel's false assurances constitutional errors. Assuming without deciding that promises were made and not kept, then it is clear that counsel's performance fell below an objective standard of reasonableness in that promises were made and not complied with. Nevertheless, it is clear that the matter of the safety valve was squarely addressed by the court of appeals and the clear message of the judgment shows that there was not or would have not been compliance with the requirements of the safety valve due to petitioner's lack of candor with the authorities and his limited

cooperation with the government. A collateral petition cannot take the place of appellate review, particularly an unsuccessful one deciding the same issue. As it has been stated, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion[.]" *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir.1994) (quoting *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir.1967)). Thus the second prong of *Strickland* has not been complied with since there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different.

 Petitioner argues that the sentencing court should have granted him the 18 U.S.C. § 3553(f) safety valve provision on its own motion, *sua sponte*. However, the district court is not required to consider *sua sponte* whether to apply the safety valve provisions to a defendant. *See United States v. Rios*, 407 Fed.Appx. 635, 637 (4th Cir.2010.); *see also United States v. Lopez*, 96 Fed.Appx. 557, 559 (9th Cir. 2004). Nor is failure to apply the safety valve provision error. *See e.g. United States v. Beard*, 232 Fed.Appx. 368, 371–72 (4th Cir.2007). Petitioner's representations are that his cooperation was plenary. The court of appeals noted that cooperation was limited. Thus the lack of error.

### III. CONCLUSION

Petitioner Juan De–La–Cruz has made a showing of ineffective assistance of counsel but has not made a showing of prejudice. *See Moreno–Espada v. United States*, 666 F.3d 60 (1st Cir.2012), citing *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir.2010). Counsel may have come to the conclusion, notwithstanding his statements to petitioner, that indeed petitioner did not qualify for the safety valve. Or he may have been wrong as to his appreciation of safety valve compliance. In any event, the matter of

the safety valve was raised and considered by the court of appeals although the court also mentioned waiver at the trial court level. There was no error which would support the relief sought on collateral review. This conclusion is reflected in the brevis disposition of the appeal. To show prejudice, petitioner must show that he would have satisfied the requirements for the safety valve at the time of sentencing, and that this would have qualified him for a lower sentence. *See e.g. Emezuo v. United States,* 357 F.3d 703, 708 (7th Cir. 2004). His statements under oath do not a fortiori assure his entitlement to the two-level safety valve reduction. A minimum of twenty-four more months in prison apparently awaits petitioner without the safety valve calculus, a calculus which would not necessarily have been made. He was ultimately sentenced to one month above the statutory minimum. This scenario does not merit the type of extraordinary relief that petitioner seeks. Indeed, the court of appeals took one page to affirm the sentence after considering the safety valve issue. This invites the recollection that when a federal prisoner raises a claim that has been decided on direct review, he ordinarily cannot attempt to relitigate the claim in a section 2255 motion. *Withrow v. Williams,* 507 U.S. 680, 720–21, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993); *Berthoff v. United States,* 308 F.3d 124, 127–28 (1st Cir.2002); *Argencourt v. United States,* 78 F.3d at 16 n. 1; *Singleton v. United States,* 26 F.3d at 240; *see Castillo v. United States,* 2009 WL 1767655 (D.Puerto Rico 2009), June 17, 2009 at 4. It is impossible to find that, notwithstanding defense counsel's conduct, the claimed errors have produced " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States,*

37 F.3d at 772 (quoting *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468).

In view of the above, I recommend that petitioner's motion brought under 28 U.S.C. § 2255 be DENIED without an evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992).